

Stevan H. Lieberman - MD, DC
Michael L. Greenberg - MD
Debora J. McCormick - DC

Of Counsel: Honorable John Anderson

April 7, 2021

Filed and served via ECF

Judge Theodore D. Chuang
United States District Judge

    Re:    OBADIAH OSEKO KEGEGE v. NAMESILO LLC, et al.
             Civil Action No. TDC-20-1066
             Notice of Intent to File a Motion
             <u>Our File No.:  05663-2</u>

Dear Judge Chuang,

       Defendant Tucows Inc. intends to move to dismiss the Complaint as to Tucows Inc. on grounds of immunity under Section 230 of the Communications Decency Act, and as moot with respect to the allegations concerning Tucows Inc. as of the date of the Amended Complaint. Tucows has attempted to contact Plaintiff without success and as such the parties have not conferred on the motion.

       This Action arises from allegedly defamatory material which Plaintiff alleges to have been published on various internet websites.  While the Amended Complaint cites to various federal criminal statutes under which there is no private right of recovery, the essence of the Plaintiff's cognizable claims, insofar as they are understood by Defendant Tucows, is that the Plaintiff alleges to have been harmed by publication of material about the Plaintiff on various websites.

       The Plaintiff has named Tucows Inc. as a defendant solely as a consequence of Tucows' role as a neutral provider of internet domain name registration services for the site which Plaintiff alleges to exist at scornedlove.com.  Complaint ¶ 7, ¶ 31.  The Plaintiff characterizes Tucows as "an internet services and telecommunications company" and states that Tucows "is the Registrar of scornedlove.com".  That Tucows is the registrar for the scornedlove.com domain name is the complete extent of the involvement which Plaintiff alleges Tucows to have with the website Plaintiff alleges to have existed at scornedlove.com.

The Plaintiff appears to understand that the registrant of the domain name is a party other than Tucows, and that Tucows is not the publisher, editor or web host of the allegedly offending material formerly available at the now-defunct scornedlove.com domain name

       Section 230(c)(1) of the Communications Decency Act, codified as 47 U.S. Code § 230(c)(1), provides:

PATENTS • TRADEMARKS • COPYRIGHTS • INTERNET
DOMAIN NAMES • REPRESENTATION • LITIGATION
ARBITRATION • LICENSING

1775 Eye Street NW, Suite 1150 | Washington DC 20006
202-625-7000 | 888-275-2757 toll free | 202-625-7001 fax
www.APLegal.com | info@APLegal.com



Page | 2

"No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

While Section 230 is most commonly applied to web hosting providers which are most directly involved in the communication of information, it has also been understood to encompass domain registration providers, whose role is more attenuated than the actual web host. Ricci v. Teamsters Union Local 456, 13-cv-07729 (NSR), at *5 (S.D.N.Y. Apr. 28, 2014) ("There is no question that Go Daddy qualifies as an interactive computer service. … Go Daddy is the "world's largest domain name registrar, maintaining over 50 million domain names registered by customers around the world," Petroliam Nasional Berhad v. GoDaddy.com, Inc., 737 F.3d 546, 548 (9th Cir. 2013), and it is also a very well-known web hosting company. … As a domain registrar and web hosting company, Go Daddy "provides . . . computer access by multiple users to a computer server." 47 U.S.C. § 230 (f)(2). A number of circuit and district courts have held that similar companies qualify as interactive computer services as well.")

     Additionally, Tucows intends to move to dismiss the Complaint as to Tucows as moot. The Amended Complaint is dated March 24, 2021. As of the date of the Amended Complaint, the website in question at scornedlove.com did not exist and has not existed for quite some time. After becoming aware of this Action several months ago, Tucows was unable to confirm any of the Plaintiff's allegations about content at the scornedlove.com website. Tucows observed that the site at scornedlove.com had apparently been de-activated by its web host, and was devoid of any content whatsoever, most likely due to Plaintiff's efforts to reach the persons responsible for hosting the former site. As of January 24, 2021, the domain name scornedlove.com expired from registration. Since the time of expiration of the domain name, Tucows has held the name on an administrative lock, preventing its deletion or registration to any other party, pending disposition of this matter.

     Accordingly, Tucows believes there is good ground for proceeding with a motion to dismiss Tucows from this Action.

                                      Respectfully Submitted,

                                      Stevan H. Lieberman, Esq.

.