UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE,

    Plaintiff,

v.

NAMESILO LLC, *et al.*,

    Defendants.

Civil Action No. TDC-20-1066

MEMORANDUM OPINION

    Self-represented Plaintiff Obadiah Oseko Kegege has filed an Amended Complaint against internet domain registrar companies (1) Dynadot LLC ("Dynadot"); (2) GoDaddy LLC ("GoDaddy"); (3) Internet Domain Service BS Corporation ("IDS BS"); (4) NamePal LLC ("NamePal"); (5) NameSilo LLC ("NameSilo"); and (6) Tucows, Inc. ("Tucows") (collectively, "the Domain Registrar Defendants"); and the following 25 websites registered with those companies: Bustedcheaters.com; Catfished.net; Cheaterboard.com; Cheaterexpose.com; Cheaterinformer.com; Cheaterpicture.com; Cheaterradar.com; Cheatersiren.com; Cheaterxposed.com; Deadbeatregistry.com; Dontdateacheater.com; Exposecheater.com; Exposecheaters.com; Exposecheatingonline.com; Hellocheaters.com; Internetcheater.com; Reportaffairs.com; Scamfound.com; Scornedlove.com; Sheshomewrecker.com; Wikicheater.com; Worsthomewreckers.com; Wtfcheater.com; Wtfcheaters.com; and Wtfscam.com (collectively, "the Website Defendants"). Kegege asserts claims "for (i) False Light Invasion of Privacy, (ii) Defamation Per Se, (iii) Blackmail and Extortion, (iv) Trolling, Cyber Harassment, and Cyberstalking, (v) Conspiracy to Violate RICO Act, and (vi) Neglect to Prevent."

Am. Compl. at 1, ECF No. 19. Kegege has now filed a Motion to Compel Discovery and Compliance with Subpoena ("Motion to Compel"). ECF No. 35. The Motion is directed at five of the six Domain Registrar Defendants: Dynadot, GoDaddy, IDS BS, NameSilo, and Tucows. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

From the outset of this case and continuing to the present, Kegege has been unable to serve the Website Defendants because he lacks sufficient information to identify and locate their places of business and the individuals who may accept service on their behalf. When Kegege sought such contact information from the Domain Registrar Defendants, one of them, NameSilo, responded in July 2020 that it "would be happy to comply" with a "court order to request the information on the registrants of each of the domains you have a complaint against." Mot. for Alt. Serv. Ex. 1 at 1, ECF No. 23-1. In a December 20, 2021 Order ("the Alternative Service Order"), ECF No. 25, which is incorporated by reference, the Court granted Kegege leave to file a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("the Subpoena Motion"). On January 21, 2022, Kegege filed the Subpoena Motion, ECF No. 27, which sought leave to serve subpoenas on the Domain Registrar Defendants, except for NamePal, and which would require the production of documents that included contact information for the Website Defendants. ECF No. 27-1. In a June 13, 2022 Order ("the Subpoena Order"), ECF No. 28, which is incorporated by reference, the Court granted the Subpoena Motion, concluded pursuant to Federal Rule of Civil Procedure 26(d)(1) that "limited pre-service discovery is warranted," and found that Kegege had

shown good cause to permit such discovery. Subpoena Order at 2-3, ECF No. 28. The Court delineated the scope of the subpoenas and defined the procedures to be followed upon service:

> Kegege may obtain from the Clerk and serve a Rule 45 subpoena on each of the Domain Registrar Defendants identified in the table on pages 2-3 of the [Subpoena] Motion, subject to the following conditions and limitations:
>
> 1. The subpoena may require the production of the following information for each of the Domain Registrants ("the Website Defendants") identified in the table on pages 2-3 of the [Subpoena] Motion to the extent that it is in the possession or control of the Domain Registrar Defendant: the name, email address, mailing address, physical address, and phone number of the Website Defendant, its owner, officer, managing or general agent, any other agent authorized by appointment or by law to receive service of process, and any individual who registered the Website Defendant or serves as the point of contact for the Website Defendant for communications with the Domain Registrar Defendant.
>
> 2. The subpoena shall have, as attachments, a copy of the Amended Complaint filed in this case and a copy of [the Subpoena] Order.
>
> 3. After having been served with the subpoena, the Domain Registrar Defendant shall provide notice of the subpoena within **7 days** to the Website Defendant.
>
> 4. In the absence of the filing of any motion or contrary court order, the Domain Registrar Defendant shall provide the information responsive to the subpoena to Kegege **30 days** after service of the subpoena.
>
> 5. Any information provided pursuant to the subpoena may be used by Kegege only for the purpose of effectuating service on the Website Defendant.

*Id.* at 3-4. On January 12, 2024, with leave of the Court, Kegege filed the present Motion to Compel.

## DISCUSSION

In the Motion to Compel, Kegege states that he has served each of the five Domain Registrar Defendants with a subpoena, the Amended Complaint, and the Subpoena Order, and that each Domain Registrar Defendant has received but "has not complied with the Subpoena." Mot. Compel at 3-5, ECF No. 35. He asserts that four of the Domain Registrar Defendants were served

3

by certified mail and has provided certain documentation of the certified mailings, including their associated United States Postal Service ("USPS") tracking numbers, but he has not returned original return receipts from each Domain Registrar Defendant. He acknowledged that attempts to deliver the subpoena to GoDaddy were unsuccessful but stated that the subpoena was emailed to GoDaddy at an email address previously used by GoDaddy to communicate with Kegege. Although he stated that his attempt to deliver the subpoena to NameSilo by certified mail was successful and that NameSilo received the subpoena on August 4, 2022, the USPS tracking number he provided for that mailing reveals that the delivery was not completed and that the mailing was returned to Maryland. Kegege has also included five certificates of service stating that he has served the Motion by mail on each of these Domain Registrar Defendants. On January 31, 2024, Tucows filed a memorandum in opposition to the Motion, accompanied by two signed declarations, in which it argues that it was never properly served with the subpoena, and that it has already provided Kegege with all responsive information in its possession or control. None of the other four Domain Registrar Defendants subject to subpoenas have responded to the Motion.

## I.  Legal Standards

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery" if the motion includes "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). "The court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

"Federal Rule of Civil Procedure 45 governs a subpoena's service, and 'requires delivering a copy to the named person.'" *In re Newbrook Shipping Corp.*, 31 F.4th 889, 896 (4th Cir. 2022)

(quoting Fed. R. Civ. P. 45(b)(1)). The United States Court of Appeals for the Fourth Circuit has looked to both Rule 4 and applicable forum state law service rules for guidance on how a subpoena must be "delivered" under Rule 45. *Id.* at 897.

As to serving subpoenas on domestic entities, Rule 4(h)(1) identifies two ways to serve a domestic corporation, or other unincorporated association subject to suit under a common name, with a summons and complaint:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Maryland law, service may be accomplished "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery—show to whom, date, address of delivery.'" Md. Rule 2–121(a). Service outside of Maryland "may also be made in the manner prescribed by the court or prescribed by the foreign jurisdiction if reasonably calculated to give actual notice." *Id.* Service on a limited liability company ("LLC") may be accomplished "by serving its resident agent," but if "the [LLC] has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process." Md. Rule 2–124(h).

**II.    Tucows**

Tucows, the only Domain Registrar Defendant which has opposed the Motion, argues that service of the subpoena was improper because the subpoena was sent by certified mail to its

5

attorney at a former address for the attorney's law firm. Assuming without deciding that service of the subpoena to Tucows was proper, the Court will deny the Motion as to Tucows. The subpoena to Tucows sought contact information for one Website Defendant, Scornedlove.com. In a signed declaration, Reg Levy, the Head of Compliance for Tucows, stated that domain name owners such as Scornedlove.com "register their names through registration services resellers," that Tucows thus does not engage in transactions with or "have a contract with or any relationship with the domain name owner," that the "only information available to Tucows is the registrant information provided to Tucows by the reseller," and that Tucows has already provided that information to Kegege. Levy Decl. ¶¶ 3-5, Opp'n Mot. Compel Ex. 1, ECF No. 36-1. Levy further states that the domain name Scornedlove.com expired in January 2023, was not renewed, and "was deleted from registration," and that there "are no further responsive documents in Tucows's possession, custody, or control." *Id.* ¶¶ 6-7. Kegege has provided no basis to refute these assertions. Where Tucows has previously provided Kegege with all responsive information in its possession or control, and has stated in a declaration that it has no other responsive documents, the Court does not find a failure to comply and will deny the Motion as to Tucows.

### III. GoDaddy and NameSilo

As to GoDaddy and NameSilo, the Court will not grant the Motion because Kegege has not established that he properly served the subpoena on either of these Domain Registrar Defendants. Kegege states that he "made two unsuccessful attempted deliveries to serve" GoDaddy with the subpoena by mail and provides, as mailing addresses for GoDaddy, 14455 North Hayden Road, Scottsdale, AZ 85260 and 2155 East GoDaddy Way, Tempe, AZ 85284. The USPS tracking number associated with that certified mailing reveals that it was sent to a Scottsdale, Arizona address, but that when the package was sent to Arizona, USPS classified it as having

"Addressee Unknown" and returned it to Maryland. *See* Mot. Compel at 12 (Ex. A); USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?&tLabels=70220410000254362149 (last visited Mar. 25, 2024). Although Kegege also asserts that he served GoDaddy by email with the subpoena, the Amended Complaint, and the Subpoena Order, service by email alone is generally "not sufficient to comply with the Federal Rules of Civil Procedure." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). Kegege has identified no provision of Maryland law that would allow service by email.

As for NameSilo, although Kegege asserts that he served NameSilo by certified mail to the address listed in his proposed subpoena to NameSilo, 1300 East Missouri Avenue, Suite A-110, Phoenix, AZ 85014, the USPS tracking number associated with that mailing reveals that when the package was sent to Arizona, it was also classified as "Addressee Unknown" and returned to Maryland. *See* Mot. Compel at 14 (Ex. A); USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?&tLabels=70220410000070362200 (last visited Mar. 25, 2024). Where Kegege has not shown that he properly served either GoDaddy or NameSilo, the Motion to Compel will be denied as to those Domain Registrar Defendants.

IV.   **IDS BS**

As for IDS BS, the Court will not grant the Motion because Kegege has not established that he properly served the subpoena on IDS BS. According to Kegege, IDS BS was served by international registered mail sent to an address in the Bahamas.

Assuming that IDS BS is an American entity located in a foreign country, service of a Rule 45 subpoena is governed by 28 U.S.C. § 1783. Fed. R. Civ. P. 45(b)(3). Under that provision, a "court of the United States may order the issuance of a subpoena requiring . . . the production of a specified document or other thing" by "a national or resident of the United States who is in a

7

foreign country," if such production "is necessary in the interest of justice," and if "it is not possible" to "obtain the production of the document or other thing in any other manner." 28 U.S.C. § 1783(a) (2018). Service of a subpoena authorized by § 1783 "shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country." *Id.* § 1783(b). Rule 4(f) provides three methods for such service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Here, Kegege attempted service of the subpoena on IDS BS by international registered mail sent to a Post Office Box ("P.O. Box") in the Bahamas that is allegedly associated with IDS BS, but he has acknowledged that he received no tracking information relating to the mailing once it left the United States. Under these circumstances, Kegege has not provided adequate proof of service. Although he also asserts in the Motion that the subpoena was sent by email and claims that IDS BS "acknowledged receipt," Mot. Compel at 4-5, he has provided no proof of that receipt,

and an email does not meet any of the identified means for international service under Rule 4(f), including those that are sufficient if they are "reasonably calculated to provided notice." Fed. R. Civ. P. 4(f)(2); *see Columbia Ins. Co.*, 185 F.R.D. at 579. Indeed, the Court has previously held that "emailing documents to [a] Website Defendant's email address as displayed in a registration database or to the domain registrars of record" has not been shown to meet the standard for service of a defendant outside the United States. Alt. Serv. Order at 4. Accordingly, the Court concludes that service of the subpoena to IDS BS was insufficient and will deny the Motion as to IDS BS.

## V.   Dynadot

As for Dynadot, the Court will grant the Motion. Courts have found that domain registrars may be properly required through a subpoena to provide information regarding the identity of domain registrants. *See Laswell Found. for Learning & Laughter, Inc. v. Schwartz*, No. 8:17-cv-46-T-27CPT, 2019 WL 13249019, at *2-3 (M.D. Fla. Mar. 29, 2017) (authorizing a subpoena to GoDaddy to produce "information regarding the identity of the Domain Names Registrant," including the "name address, phone number, email address(es), domain defaults, and delegated access associated with the Domain Names," where the subpoenas "are directed to the discovery of information appropriately targeted to addressing the claims and defenses asserted in this action"). Here, Kegege has sufficiently shown that the subpoena directed at Dynadot was properly served and delivered by certified mail in compliance with the applicable forum state service rules. *See* Md. Rule 2–121(a).

An order to compel responses to a subpoena may issue where the moving party has engaged "in a good faith effort to secure . . . compliance before filing a motion to compel" and can "certify to the effort made as part of the motion to compel." *Boukadoum v. Hubanks*, 239 F.R.D. 427, 431 (D. Md. 2006). Based on the course of conduct up to this point, the Court concludes that Kegege

has engaged "in a good faith effort" to secure compliance from Dynadot before filing the Motion and has adequately certified to his efforts. *See id.*; Fed. R. Civ. P. 37(a)(1). Dynadot has not provided any basis upon which to quash or otherwise excuse compliance with the subpoena. *See* Fed. R. Civ. P. 45(e)(1)(D). Where the Court has previously authorized Kegege to serve specific pre-discovery subpoenas to obtain contact information for the relevant Website Defendants for purposes of service, *see* Subpoena Order at 2-3, and Kegege has served such a subpoena on Dynadot but it has failed to respond or comply, the Motion will be granted as to Dynadot.

In granting the Motion, the Court will issue an Order directing Dynadot to comply with the subpoena within 30 days of service of the Order. Within 21 days of the date of the Order, Kegege will serve on Dynadot the accompanying Order, along with a copy of the Amended Complaint, the Subpoena Order, and the subpoena. Kegege shall serve Dynadot by **certified mail, restricted delivery**, or other means consistent with federal or Maryland service rules, and shall provide proof of service by filing with the Court a copy of the original return receipt establishing the date of service, and a statement providing proof of service consistent with both Rule 45(b)(4) and Maryland Rule 2–126(a). If Kegege fails to comply with the requirement to serve in a timely manner, the Court may quash the subpoena and dismiss the claims against the relevant defendants. If Dynadot fails to comply with the Order by producing to Kegege the information responsive to the subpoena, specifically, contact information relating to Exposecheaters.com, the one Website Defendant associated with Dynadot, the Court may initiate proceedings to hold Dynadot in contempt. *See* Fed. R. Civ. P. 45(g).

### VI.    Remaining Defendants

As to Tucows, GoDaddy, NameSilo, and IDS BS, and all of the Website Defendants associated with those Domain Registrar Defendants, it has now been almost four years since this

case was filed, and despite multiple extensions and accommodations granted by the Court, Kegege has not successfully served any of the Website Defendants associated with those Domain Registrar Defendants. In light of the passage of time and Kegege's inability to move the case forward, the Court will direct Kegege to file a statement within **21 days** of the date of this Order either voluntarily dismissing the claims against the Domain Registrar Defendants other than Dynadot, and the Website Defendants other than Exposecheaters.com, or showing cause why the Court should not dismiss them from this case.

## CONCLUSION

For the foregoing reasons, Kegege's Motion to Compel will be GRANTED IN PART and DENIED IN PART. The Motion to Compel will be GRANTED as to Dynadot and DENIED as to Tucows, GoDaddy, NameSilo, and IDS BS. A separate Order shall issue.

Date: March 27, 2024

THEODORE D. CHUANG
United States District Judge