UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE,

    Plaintiff,

v.

NAMESILO LLC, et al.,

    Defendants.

Civil Action No. TDC-20-1066

**MEMORANDUM ORDER**

In a March 27, 2024 Memorandum Opinion and Order, ECF Nos. 39, 40, which are incorporated by reference, and subject to the definitions of terms set forth therein, the Court granted in part and denied in part Plaintiff Obadiah Oseko Kegege's Motion to Compel, ECF No. 35. The Court granted the Motion to Compel as to Defendant Dynadot LLC ("Dynadot"), directed Kegege to serve on Dynadot various filings in the case, and required Kegege to provide proof of service as to Dynadot. 3/27/24 Order at 1-2, ECF No. 40. The Court also forewarned Dynadot that it may initiate proceedings to hold Dynadot in contempt if it failed to produce to Kegege the information responsive to the subpoena. *Id.* at 2. The Court denied the Motion to Compel as to the other Domain Registrar Defendants and ordered Kegege to file a statement "either voluntarily dismissing the claims against the Domain Registrar Defendants other than Dynadot, and the Website Defendants other than Exposecheaters.com, or showing cause why the Court should not dismiss them from this case." *Id.* On April 16, 2024, Kegege filed a Certificate of Service as to Dynadot. ECF No. 41. On April 17, 2024, Kegege filed a Status Report and Response to the Order to Show Cause ("the Status Report"), in which he declined to dismiss his claims and

requested that the Court reconsider its prior December 20, 2021 Order denying Kegege's Motion for Alternative Service. ECF No. 42. On May 6, 2024, Kegege filed an exhibit showing that Dynadot had received the documents described in the Certificate of Service, ECF No. 43, as well as email correspondence with Defendant NameSilo LLC ("NameSilo") showing that on April 22, 2024, NameSilo requested clarification on what actions NameSilo is required to undertake. ECF No. 44.

## DISCUSSION

Having reviewed the Status Report, and construing it as a Motion for Reconsideration, the Court will not reconsider its December 20, 2021 Order, which is incorporated by reference. Kegege still "has not shown that his proposed method of alternative service—emailing documents to the [Defendants'] email address[es] in a registration database or to the domain registrars of record" meets the requirements of Federal Rule of Civil Procedure 4(f)(3). 12/20/21 Order at 4, ECF No. 25. Therefore, the Motion for Reconsideration will be denied.

In the Status Report, Kegege declines to dismiss voluntarily any Defendants from this case. Based on the submitted materials, the Court will order the following actions in relation to the various Defendants.

### I.     Tucows

Defendant Tucows, Inc. ("Tucows") has had counsel enter an appearance in this case and has filed an Amended Answer to the original Complaint, ECF No. 12, but it has not yet filed an Answer to the Amended Complaint, so it will be directed to do so. As for the subpoena, the Court declined to grant the Motion to Compel as to Tucows because Tucows, in its brief on the Motion, stated that it had "responded to the subpoena with all responsive information that it has at its disposal" in that on or about June 24, 2020, it had provided by email to Kegege the then-current

"registrant data" for scornedlove.com. Opp'n Mot. Compel at 1-2, ECF No. 36. Kegege, however, states in the Status Report that he did not receive such registrant data and requests that it be provided to the Court. To resolve this dispute, the Court will direct Tucows to file with the Court a copy of the previously produced registrant data for scornedlove.com.

## II.  Dynadot

As to Dynadot, Kegege has properly filed proof of service of process pursuant to Rule 4(e)(1) and Md. Rule 2–121, *see* Proof of Service at 70-72, ECF No. 7, and proof of service of the subpoena and the March 27, 2024 Order pursuant to Rule 5(b)(2)(C). *See* ECF Nos. 41, 43. Dynadot, however, has neither filed an Answer or other responsive pleading nor complied with the subpoena or the Court's March 27, 2024 Order. Accordingly, the Court will order Dynadot (1) to have counsel enter an appearance in this case and file an Answer or other responsive pleading to the Amended Complaint within **21 days** of the date of this Order; and (2) to comply with the subpoena and the Court's March 27, 2024 Order within **21 days** of the date of this Order "by producing to Kegege the information responsive to the subpoena." 3/27/24 Order at 2. If Dynadot does not comply with these two requirements, Kegege will be granted leave to file a Motion for Clerk's Entry of Default, and the Court may initiate proceedings to hold Dynadot in contempt. *See* Fed. R. Civ. P. 45(g). The Court will direct the Clerk to mail to Dynadot the Amended Complaint, ECF No. 19, the Court's June 13, 2022 Order ("the Subpoena Order"), ECF No. 28, the subpoena directed at Dynadot, the Court's March 27, 2024 Memorandum Opinion and Order, ECF Nos. 39, 40, and this Order.

## III.  GoDaddy LLC

Although the Court denied the Motion to Compel as to Defendant GoDaddy LLC ("GoDaddy") because the subpoena and related materials were not properly served, Kegege

previously complied with the requirements for service of process under Rule 4(e)(1) and 4(h)(1)(A) and Md. Rules 2–121(a) and 2–126(a)(3). Proof of Service at 4, ECF No. 7. Therefore, the Court will require counsel for GoDaddy to enter an appearance in this case and file an Answer or other responsive pleading to the Amended Complaint within **21 days** of the date of this Order. If GoDaddy fails to do so, Kegege will be granted leave to file a Motion for Clerk's Entry of Default as to GoDaddy.

IV. **NameSilo LLC**

Although the Court denied the Motion to Compel as to Defendant NameSilo LLC ("NameSilo") because Kegege did not establish that the subpoena and related materials were properly served on NameSilo, Kegege has now provided proof that NameSilo received actual notice of the subpoena and requested guidance on what is required of NameSilo, consisting of an email responding to Kegege sent from the email address "NameSilo Legal" asking "What action is required from NameSilo, and what domain names should be actioned?" NameSilo Email Response, ECF No. 44. Accordingly, the Court will direct the Clerk to send the Amended Complaint, the Subpoena Order, the subpoena directed to NameSilo, and this Order to NameSilo at the email address referenced in ECF No. 44, and also by mail. NameSilo is directed to file all documents responsive to the subpoena directed to NameSilo with the Court within **21 days** of the date of this Order. To facilitate communication on this issue, NameSilo shall have its counsel enter an appearance within **21 days** of the date of this Order.

V. **Remaining Defendants**

The Court will dismiss the action without prejudice as to Defendant Internet Domain Service BS Corporation ("IDS BS"), as the time for service has long since expired, Kegege has not shown that his attempts to serve IDS BS with process have been successful, and Kegege's

4

attempts to serve IDS BS with the subpoena did not comply with Rule 4(f). *See* Mem. Op. at 7–9, ECF No. 39. Therefore, the Court will also dismiss Defendants bustedcheaters.com and wtfcheater.com, the Website Defendants associated with IDS BS.

Likewise, where the time for service has long since expired, the Court will also dismiss NamePal as a defendant, as Kegege has not attached a return receipt proving service in accordance with the relevant rules. *See* Fed. R. Civ. P. 4(h)(1)(A), (e)(1); Md. Rules 2–121(a), 2–126(a)(3). Indeed, Kegege does not argue that NamePal should remain in the case, and he has acknowledged that NamePal has been acquired by NameSilo.

The Court will defer on addressing the status of the remaining Website Defendants pending responses to this Order from Tucows, Dynadot, GoDaddy, and NameSilo.

Accordingly, it is hereby ORDERED that:

1. Kegege's Status Report, ECF No. 42, construed as a Motion for Reconsideration, is DENIED.

2. Tucows shall (1) file an Answer or other responsive pleading to the Amended Complaint within **21 days** of the date of this Order; and (2) file with the Court a copy of the June 24, 2020 email referenced by Kegege in the Status Report, ECF No. 42, within **21 days** of the date of this Order.

3. Dynadot shall (1) have counsel enter an appearance in this case and file an Answer or other responsive pleading to the Amended Complaint within **21 days** of the date of this Order; and (2) file with the Court all documents responsive to the subpoena directed to Dynadot within **21 days** of the date of this Order.

    a. A failure to comply with these requirements may result in the filing of a Motion for Clerk's Entry of Default against Dynadot and proceedings to hold Dynadot in contempt for failure to comply with the subpoena. *See* Fed. R. Civ. P. 45(g).

    b. The Clerk shall mail to Dynadot at 210 S. Ellsworth Avenue #345, San Mateo, CA 94401 copies of the Amended Complaint, ECF No. 19, the Court's June 13, 2022 Order ("the Subpoena Order"), ECF No. 28, the subpoena directed to Dynadot, the Court's March 27, 2024 Memorandum Opinion and Order, ECF Nos. 39, 40, and this Order.

4. GoDaddy shall have counsel enter an appearance in this case and file an Answer or other responsive pleading to the Amended Complaint within **21 days** of the date of this Order.

   a. A failure to comply with these requirements may result in the filing of a Motion for Clerk's Entry of Default against GoDaddy.

   b. The Clerk shall mail to GoDaddy at 14455 N. Hayden Road, Scottsdale, AZ 85260 copies of the Amended Complaint, ECF No. 19, the Subpoena Order, ECF No. 28, the subpoena directed at GoDaddy, the Court's March 27, 2024 Memorandum Opinion and Order, ECF Nos. 39, 40, and this Order.

5. NameSilo shall have counsel enter an appearance in this case within **21 days** of the date of this Order and file with the Court the documents responsive to the subpoena directed to NameSilo within **21 days** of the date of this Order. The Clerk shall send to NameSilo the following documents by email to legal@namesilo.com and by mail to 1300 E. Missouri Avenue, Suite A-110, Phoenix, AZ 85014: the Amended Complaint, ECF No. 19; the Subpoena Order, ECF No. 28, the subpoena directed to NameSilo, the Court's March 27, 2024 Memorandum Opinion and Order, ECF Nos. 39, 40, and this Order.

6. NamePal, IDS BS, bustedcheaters.com, and wtfcheater.com are DISMISSED WITHOUT PREJUDICE from this case.

Date: August 2, 2024

THEODORE D. CHUANG
United States District Judge