## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OBADIAH OSEKO KEGE<br><br>                    Plaintiff,<br><br>V.<br><br>NAMESILO, LLC ET AL.<br><br>                    Defendant. | CASE NO.: 8:20-CV-01066-TDC<br><br>DEFENDANT TUCOWS' RESPONSE TO<br>ORDER DATED AUGUST 2, 2024 |

Defendant Tucows responds to the Court's Order dated August 2, 2024 [Docket #45] (the "Order") as follows.

### I.  Answer to Amended Complaint

In the Order the Court states, that Tucows, "has not yet filed an Answer to the Amended Complaint, so it will be directed to do so." (Order, page 2, ll. 19-20).

In response to the Amended Complaint and pursuant to Rule 12, Defendant Tucows filed a Notice of Intent [Docket #21] (the "Notice of Intent") to file a motion to dismiss the Amended Complaint under Section 230 of The Communication Decency Act of 1996 (CDA), 47 U.S. Code §230(c)(1).  *See, e.g. Rigsby v. GoDaddy Inc.*, 59 F.4th 998 (9th Cir. 2023) ("GoDaddy's 'act' was limited to providing the third party a domain name, and nothing in Rigsby's complaint makes a plausible case for GoDaddy acting as an information content provider on scottrigsbyfoundation.org. Under these circumstances, GoDaddy is entitled to § 230 immunity, and his state-law claims are statutorily barred.") The Court has not granted leave to file such motion.

As further stated in the Declaration of Reg Levy filed on January 31, 2024, accompanying Defendant Tucows Response in Opposition [Docket #36], the sole domain name

alleged to have been registered through Tucows in its mere role as an internet service provider expired from registration in January 2023 and thus ceased to exist more than a year ago.

The Amended Complaint further alleges no relevant contact of Tucows with this District in relation to Plaintiff's claims, nor does the Complaint allege facts substantiating an amount in controversy satisfying diversity jurisdiction.  Accordingly, Tucows renews its request for leave to file a Motion to Dismiss for the reasons stated above.

Defendant Tucows' Answer to the Amended Complaint is filed concurrently herewith.

## II.  Discovery Materials

The Order further requires Tucows to again provide the Plaintiff with the requested registrant information of the now-expired domain name, scornedlove.com.  The information has been provided to Plaintiff several times now.

The requested information has also been previously filed with the court.  The original Response in this matter filed as Docket #9, August 3, 2020 states:

2. The real party in interest and appropriate party to be named in the Complaint is the registrant:

**Organization Information**
**First Name: Host**
**Last Name: Master**
**Organization Name: 1337 Services LLC**
**Street Address: P.O. Box 590**
**City: Charlestown**
**State: Charlestown**
**2 Letter ISO Country Code: KN**
**Postal Code: NIA Phone: +883.510008346319**
**Fax:**
**Email: whols+scomedlove.com@njal.la**

The reseller, Njalla, offers a registration process in which they place themselves
as the main point of contact for the domain; they may be contacted at:

**1337 Services LLC**
**P.O. Box 590**
**Charlestown**
**Saint Kitts and Nevis**
**+1.4259064769**
**info@njala**

The entirety of the responsive subpoenaed data, shown in bold above, has been publicly available
in a paper filed on the docket in this Proceeding for four years.

Plaintiff does not appear to understand the service reseller structure of Tucows registrar
services.  The Plaintiff appears to wrongly believe Defendant Tucows possesses more
information than it actually does about the former registrant of the now-expired domain name.
That is why the Plaintiff continues to falsely state he has not been provided with the requested
information.  He does not accept that the data above is the entirety of the contractually-required
data which the reseller provided to Tucows.

As was stated in the Declaration of Reg Levy [Docket #36, attachment 1]

3.  Tucows works on a "reseller model," and it does not have a contract with or
any relationship with the domain name owner.

4. Tucows does not engage in transactions with customers who register their
names through registration service resellers. Thus, Tucows does not obtain
such information as customer payment information. This information is held
by the registration service reseller of the domain name, not by Tucows.

5. The only information available to Tucows is the registrant information
provided to Tucows by the reseller and that registrant information was
provided directly to Plaintiff via email on or about June 24, 2020 [sic].

6. The domain name in question, ScornedLove.com, expired more than a year
ago in January 2023, was not renewed, and subsequently was deleted from
registration. Accordingly, there is no registrant information for the domain

name, since there is no domain name.

For these reasons, the Plaintiff's apparent belief that Tucows has had any customer relationship with the registrant of the domain name, such as payment information, as alleged in the Amended Complaint is simply incorrect. The data which was included in the original Answer and previously emailed to the Plaintiff is the entirety of the registrant data possessed by Tucows.

Pursuant to the Order dated August 2, 2024, the Plaintiff submits (a) the data above, copied from the original Answer filed in this matter and (b) as Exhibit A, the email sent to the Plaintiff on July 24, 2020 which likewise includes the entirety of the requested registrant information in Defendant Tucows possession at that time (and incorrectly indicated as "June 24" in the Declaration of Reg Levy quoted above).

Plaintiff, or even the general public accessing the docket of this case, has had this information for more than four years. Plaintiff's misunderstanding of Tucows role in relation to the registrant, via a registration service reseller, appears to be driving Plaintiff's disbelief that he has been provided, repeatedly now, the entirety of the registrant data provided to Tucows by the registration service reseller for the domain name.

Respectfully Submitted,

Dated: August 23, 2024                      _____/s/ Stevan Lieberman_____
                                            Stevan Lieberman
                                            Greenberg & Lieberman, LLC
                                            1775 I St., NW Suite 1150
                                            Washington, D.C. 20006
                                            T: (202) 625-7000
                                            F: (202) 625-7001
                                            Stevan@aplegal.com

**EXHIBIT A**

Registrant Data Provided to Plaintiff in July 2020 and responsive to subpoena.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, a copy of DEFENDANT TUCOWS' RESPONSE TO ORDER DATED AUGUST 2, 2024 was mailed via 1st class mail, postage pre-paid and via email to:

Obadiah Oseko Kegege
P.O. Box 1153
Greenbelt, MD 20768
Email: obadiah_ke@hotmail.com

_____/s/ Stevan Lieberman_____
Stevan Lieberman
Greenberg & Lieberman, LLC
1775 I St., NW Suite 1150
Washington, D.C. 20006
T: (202) 625-7000
F: (202) 625-7001
Stevan@aplegal.com