

August 23, 2024

**VIA ECF**

**Chad E. Kurtz**
Direct Phone   202-463-2521
Direct Fax        202-640-5939
ckurtz@cozen.com

The Honorable Theodore D. Chuang
United States District Court Judge
District of Maryland
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770

Re:   *Obadiah Oseko Kegege v. Namesilo LLC, et al.*
       U.S. District Court for the District of Maryland, Case No. 8:20-cv-01066-TDC

Dear Judge Chuang:

     We represent Defendant GoDaddy.com, LLC, *inadvertently named as* "GoDaddy LLC" ("GoDaddy"), in the above-referenced action. In accordance with Section II.A. of Your Honor's May 13, 2020 Case Management Order (Doc. 2), GoDaddy respectfully submits this Notice of intent to file a motion to dismiss Plaintiff Obadiah Oseko Kegege's ("Plaintiff") Amended Complaint (Doc. 19) with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. GoDaddy respectfully requests a Pre-Motion Conference with the Court regarding GoDaddy's contemplated motion. *See* Doc. 2 § II.A.1-5. The Parties have not met and conferred to discuss whether the matter at issue can be resolved without a motion.

     GoDaddy is a domain registrar, meaning it manages the reservation of Internet domain names that members of the public register through GoDaddy. GoDaddy also offers numerous other online products and services to the public. Plaintiff alleges that unnamed individuals or entities (the "Doe Defendants") published alleged defamatory content about Plaintiff and Plaintiff's business reputation on twenty-five websites totaling "103 website links" (the "Websites"). *See* Doc. 19 at pp. 1-2. Plaintiff named as defendants the twenty-five domain names associated with the Websites (the "Domains"), as well as six domain name registrars with whom Plaintiff claims the Doe Defendants registered the Domains. *See* Doc. 19 at pp. 1–2, ¶¶ 4–34. Plaintiff alleges that "GoDaddy LLC" is the domain registrar for three of the Domains. *Id.* at ¶ 6. Plaintiff does not allege that GoDaddy hosted any of the Websites or created any of the content on the Websites. *See generally* Doc. 19.

     Plaintiff asserted six causes of action against all thirty-one defendants: (1) false light invasion of privacy, (2) defamation per se, (3) "blackmail and extortion" pursuant to 18 U.S.C. § 873, (4) "trolling, cyber harassment, & cyberstalking" pursuant to 18 U.S.C. § 2261A or 18 U.S.C. § 875(c), (5) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and (6) a "neglect to prevent" claim under 42 U.S.C. § 1986. Doc. 19 ¶¶ 88–133. Each

of Plaintiff's claims fails as a matter of law with respect to GoDaddy, and GoDaddy respectfully requests that Your Honor dismiss the Amended Complaint with prejudice as against GoDaddy.

### Plaintiff's Amended Complaint Is Deficient On Its Face

Plaintiff's Amended Complaint suffers from a number of threshold defects that warrant a dismissal as to GoDaddy. First, Plaintiff named the wrong entity as a defendant, as "GoDaddy LLC" is not an entity. GoDaddy.com, LLC is the domain registrar that Plaintiff likely intended to name as a party to this action. Second, Plaintiff vaguely referenced GoDaddy's corporate parent, non-party Go Daddy Operating Company, LLC, *see* Doc. 19 ¶ 6, but Plaintiff offered no allegation concerning that entity, or any authority to support a claim against that entity. Plaintiff has not, and cannot, assert a claim against GoDaddy's corporate parent or any other affiliated entity. Third, Plaintiff's Amended Complaint violates Fed. R. Civ. P. 8(a)(2), as it "lumps all the defendants together and fails to distinguish their conduct." *See Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005). Pro se complaints "marred by 'shotgun pleading,' … warrant dismissal." *McCrea v. Wells Fargo*, No. 18-2490, 2019 WL 2513770, at *6 (D. Md. June 17, 2019), *aff'd*, 852 F. App'x 112 (4th Cir. 2021) (citation omitted).

### The Communications Decency Act Bars Most Of Plaintiff's Claims

Section 230 of the Communications Decency Act ("CDA") bars most of Plaintiff's claims against GoDaddy. *See* 47 U.S.C. § 230(c)(1). The CDA protects a provider of an interactive computer service, including domain name registrars and web hosting providers, from liability for information or content "provided by another information content provider." 47 U.S.C. § 230(c)(1). "By its plain language, § 230 creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). *See also, e.g., Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (The CDA "bar[s] state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties.").

Courts across the country have affirmed GoDaddy's CDA immunity in analogous cases. *See, e.g., Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1008-1009 (9th Cir. 2023); *Ricci v. Teamsters Union Loc. 456*, 781 F.3d 25, 28 (2d Cir. 2015) (the CDA "shields GoDaddy from publisher liability (with respect to web content provided by others) in its capacity as a provider of an interactive computer service"). The CDA bars Plaintiff's claims against GoDaddy, except to the extent that they concern the enforcement of a federal criminal statute. *See* 47 U.S.C. § 230(e)(1).

### Plaintiff Failed To State A Claim Against GoDaddy

Each of Plaintiff's claims against GoDaddy fails as a matter of law, as Plaintiff did not allege that GoDaddy did anything other than provide routine domain name registration services with respect to three of the Domains.

First, Plaintiff failed to state a claim for false light invasion of privacy under Maryland law because Plaintiff failed to allege that GoDaddy (a) "gave publicity" to any of the content at issue,

or (b) knew of or acted with reckless disregard as to the alleged falsity of the content at issue. Rather, Plaintiff alleged that the Doe Defendants created and "published" the content at issue.

Second, Plaintiff's defamation claim fails because, among other reasons, Plaintiff does not allege that GoDaddy made any communication (much less a defamatory one), that any alleged communication was false, that GoDaddy was at fault for any alleged communication, or that Plaintiff was harmed as a result of any alleged communication by GoDaddy.

Third and fourth, Plaintiff's "blackmail and extortion" claim under 18 U.S.C. § 873, as well as Plaintiff's "trolling, cyber harassment, and cyberstalking" claim under 18 U.S.C. §§ 2261A(2) or 875(c)(1), must be dismissed because there is no private cause of action for federal criminal statutes, and "plaintiff may not assert claims based on alleged violations of federal criminal law." *See, e.g., Jones v. Gen. Elec. Co.*, No. ELH-19-196, 2019 WL 6918490, at *9-10 (D. Md. Dec. 19, 2019). Additionally, Plaintiff has not alleged that GoDaddy engaged in any conduct related in any way whatsoever to the elements of these criminal offenses.

Fifth, Plaintiff's RICO claim fails as against GoDaddy, because, among other reasons, Plaintiff failed to allege (i) the existence of any "enterprise" involving GoDaddy, *see* 18 U.S.C. § 1961(4), (ii) any "racketeering activity" by GoDaddy (much less a pattern of it), as Plaintiff alleges only that GoDaddy provided domain registration services with respect to three of the Domains, or (iii) that GoDaddy was involved in any purported conspiracy to violate RICO.

Sixth, Plaintiff's claim under 42 U.S.C. § 1986 fails because, among other reasons, Plaintiff cannot allege a predicate claim under 42 U.S.C. § 1985. *See, e.g., Blake v. Maryland*, No. 24-0697, 2024 WL 2053494, at *2 (D. Md. May 7, 2024) ("A § 1986 claim is dependent upon the existence of a claim under § 1985.") (citation omitted). Plaintiff has not alleged any purported conspiracy to (i) obstruct a United States officer from performing their duties, *see* 18 U.S.C. § 1985(1), or (ii) intimidate a witness or juror, or deprive a citizen of the "equal protection of the laws," much less one motivated by a discriminatory animus, *see id.* at § 1985(2)-(3).

## Conclusion

For the reasons set forth above, GoDaddy would prevail on a motion to dismiss Plaintiff's Amended Complaint. Therefore, GoDaddy respectfully requests a pre-motion conference in advance of filing a motion to dismiss.


Respectfully,

COZEN O'CONNOR

By:   Chad E. Kurtz

CEK

The Honorable Theodore D. Chuang
August 23, 2024
Page 4

_____


cc: All Counsel of Record (*Via ECF*)
Pro se Plaintiff Obadiah Oseko Kegege via U.S. Mail (P.O. Box 1153, Greenbelt, MD 20768), with a courtesy copy via email (Obadiah_ke@hotmail.com)