

**John E. McCann, Jr.**
Direct Dial and Fax: (410) 385-3586
E-mail:  jmccann@milesstockbridge.com

August 23, 2024

<u>**VIA ECF**</u>
The Honorable Theodore D. Chuang
United States District Judge
United States District Court
 for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:   Obadiah Oseko Kegege v. Namesilo LLC, Civil Action No. 8:20-cv-01066-TDC
        NOTICE OF INTENT TO FILE A MOTION

Dear Judge Chuang:

Pursuant to the Case Management Order Section II (ECF No. 2), and this Court's Order dated August 2, 2024 (ECF No. 45), Defendant Dynadot, Inc. (f/k/a Dynadot LLC) ("Dynadot"), respectfully seeks leave to file a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue, and pursuant to  Rule 12(b)(6) for failure to state a claim.

As the undersigned counsel has just been retained and in light of today's deadline under the Court's recent Order, and given the *pro se* status of Plaintiff, Obadiah Oseko Kegege ("Plaintiff" or "Mr. Kegege"), counsel has not yet conferred with Mr. Kegege to seek his consent to the anticipated Motion, but intends to do so via e-mail upon the electronic filing of this letter with the Court.[1]

In his Amended Complaint (ECF No. 19), Plaintiff alleges six counts of liability against a group of 31 defendants arising out of alleged defamatory statements made about him on multiple websites. While Plaintiff correctly alleges that Dynadot has its principal place of business in San Mateo, California (*Am. Compl*., ¶ 8), he neither alleges, nor could he allege, that Dynadot has any business activity in or other minimum contacts with Maryland.   Plaintiff alleges that Dynadot is an internet domain registrar that is the "Registrar of **exposecheaters.com**" which is also a named defendant, but whose true corporate or other identity is allegedly being concealed by Dynadot. (*Id*., ¶¶ 8, 32).   While Plaintiff alleges that Dynadot is a "Registrar[] of the defamatory content Domains and [is] concealing the identif[y] of the Publisher[] of the defamatory content," (*id*., ¶44(b)), nowhere does Kegege allege that Dynadot published the alleged defamatory statements.

---

[1] Counsel has taken notice of Mr. Kegege's statement that upon receipt of documents sufficient for him to identify the true corporate or other identity of the owners of the website **"**exposecheaters.com", he may consider voluntarily dismissing Dynadot from this action. By separate Notice earlier this afternoon and pursuant to this Court's recent Order (ECF No 45), Dynadot has filed documents in response to Plaintiff's earlier Subpoena.



Nevertheless, Kegege alleges in wholly conclusory fashion that Dynadot failed, despite demand, to "**retract** the publications." (*Id*., ¶¶ 55)(*Exh. E* thereto) (emphasis added).

## **BRIEF LEGAL SUMMARY**

### A.  *Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue*

Unlike a Rule 12(b)(6) motion in which the movant is limited to the well-pled facts of the complaint, motions to dismiss under Federal Rules 12(b)(2) and (b)(3) may be supported by jurisdictional facts proffered by the Defendant. *Grayson v. Anderson,* 816 F.3d 262, 269 (4th Cir. 2016). Dynadot's anticipated jurisdictional motion will be supported by the Declaration of Dynadot's General Counsel, Alex Levitt, Esq, confirming that on January 1, of 2023, Dynadot LLC (a California LLC) converted to Dynadot Inc., a California corporation with its principal place of business in San Mateo, California. He will further confirm that Dynadot: (i) is not registered to do and does not transact business in Maryland; (ii) does not contract to supply goods or services in Maryland; (iii) has no interest in, nor uses or possesses real estate in Maryland; and (iv) does not contract to insure or act as surety in Maryland.  *See* Md. Cts. & Jud. Proc. Ann. § 6-103(b) (the "Long Arm Statute"). Furthermore, any allegation that Dynadot caused tortious injury to Plaintiff in Maryland by an act or omission outside the State would be insufficient under the Long Arm Statute, as Dynadot does not regularly engage in business in and does not have sufficient contacts with Maryland to establish general jurisdiction over it in accordance with the requirements of due process. *Id*., § 6-103(b)(4); *Consulting Engineers Corp. v. Geometric Ltd*., 561 F.3d 273, 277 (4th Cir. 2009).

Furthermore, merely serving as the Registrar of a website owned and operated by a third-party, such as **"exposecheaters.com"** is not a sufficient contact with Maryland to establish jurisdiction over Dynadot in this case. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (maintenance of public website is not sufficient, without more, to establish personal jurisdiction). As there is no personal jurisdiction over Dynadot in Maryland, Dynadot does not "reside" in this judicial district within the meaning of 28 U.S.C. 1391(c)(2), thereby rendering venue as to Dynadot improper as well.

### B.  *Motion to Dismiss for Failure to State a Claim*

Even if this Court has personal jurisdiction over Dynadot and venue is proper, Plaintiff's claims against Dynadot fail to state a claim upon which relief can be granted. While the *pro se* Plaintiff's pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). Even under this less stringent standard, Plaintiff's claims fail to state a plausible claim for relief against Dynadot.

First, Dynadot is immune from liability for all of Plaintiff's claims under Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). The CDA states that "[n]o provider or user of

The Honorable Theodore D. Chuang
August 23, 2024
Page 3



interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Id. § 230(c)(1). The CDA further states that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Id. § 230(e)(3). The immunity afforded by the CDA, which reflects Congress's "policy choice . . . not to deter harmful online speech through the . . . route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages" *Zeran v. Am. Online, Inc*. 129 F.3d 327, 330-31 (4th Cir. 1997)), is "broadly construed." *Universal Commc'n Sys., Inc. v. Lycos*, Inc., 478 F. 3d 413, 419 (1st Cir. 2007).

Here, Plaintiff does not even allege that Dynadot is the publisher of the alleged defamatory statements that appeared on "exposecheaters.com." To the extent that Plaintiff's conclusory allegation that Dynadot failed "retract" such statements may imply that Dynadot made the statements in the first instance, there are no alleged facts to plausibly support such an inference.[2] As Dynadot is not a publisher of the alleged defamatory statements at issue, his claims of "False Light Invasion of Privacy" (Count I) and "Defamation Per Se" (Count II) fail as matter of law. Similarly, the remaining four counts against Dynadot, fail to state a claim as matter of law.

- *Blackmail/Extortion (Count III):* There is no civil action in Maryland for extortion. *Yang v. Lee,* 163 F. Supp. 554, 563 (D. Md. 2001). Further, the statute Plaintiff cites for his blackmail cause of action, 18 U.S.C. §873 is again a criminal, not a civil, statute.

- *Trolling, Cyberstalking (Count IV):* Plaintiff fails to allege a recognized civil or criminal cause of action for "trolling" and "cyberstalking" is criminal, not a civil, cause of action. 18 U.S.C. § 2261A.

- *RICO (Count V):* Plaintiffs fail to allege, with requisite particularity the elements of RICO violation. For example, the Amended Complaint contains no factual averments whatsoever regarding the relationships between or among Defendants, much less how there is an "enterprise" that existed beyond that which was necessary to commit the alleged acts, or how the alleged enterprise "function[ed] as a continuing unit." *Id*.

- *Neglect to Prevent (Count VI):* While 42 U.S.C. § 1986 gives rise to a civil cause of action, the underlying conduct must be violative of 42 U.S.C. § 1985, and the Plaintiff fails to allege any facts that plausibly plead such conduct on behalf of Dynadot.

Respectfully submitted,

John E. McCann, Jr.
(Federal Bar No. 10028)

---

[2]. Even in the e-mails to Dynadot attached as Exhibit E to his Amended Complaint, Plaintiff requested that Dynadot "remove," not "retract" the alleged statements. (ECF No. 1-5). Even as to his request that the alleged statements be removed, Plaintiff fails to allege any facts to plausibly infer an ability or obligation on the part of Dynadot to do so.

The Honorable Theodore D. Chuang
August 23, 2024
Page 4



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2024, I caused the foregoing Notice of Intent to File A Motion to be served via ECF on all counsel of record and via first-class mail, postage prepaid, on Plaintiff Obadiah O. Kegege at the following address:

> Obadiah O. Kegege
> P.O. Box 1153
> Greenbelt, MD 20768

                                      */s/ John E. McCann, Jr.*
                                    John E. McCann, Jr. (Federal Bar No. 10028)