## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OBADIAH OSEKO KEGE<br><br>　　　　Plaintiff,<br><br>v.<br><br>NAMESILO, LLC et al.,<br><br>　　　　Defendants. | CASE NO.: 8:20-CV-01066-TDC<br><br>DEFENDANT NAMESILO, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS |

The instant Motion to Dismiss by Namesilo is filed pursuant to the Court's Order dated September 24, 2024 (Docket #60), ordering Namesilo LLC to file "an Answer to the Amended Complaint or other responsive pleading" by this date.

## I.　　Introduction

This action for, *inter alia*, defamation, arises from matter that Plaintiff alleges to have been published by several websites that he alleges were registered through Namesilo LLC, an internet domain name registrar. "A domain name is the string of characters in an Internet address," with elements to the right of the dot such as ".com" referred to as a "top-level domain." *Verisign, Inc. v. Xyz.com LLC*, 848 F.3d 292 (4th Cir. 2017). "A domain registrar is an accredited organization, like GoDaddy, that sells domain names and provides registration services to the public. ... A domain name registry is an organization that manages the administrative data for one or more top-level domain names." *The Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info.,* 58 F.4th 785, 789 n.1 (4th Cir. 2023) (citations omitted). "A domain name registrant is the person or company who registers a domain name and has the exclusive right to use the domain name for the registration period." *Id*.

One of the domain names alleged by the Plaintiff to have been registered through Namesilo was never registered through Namesilo. All of the other domain names alleged to have

1

been registered through Namesilo have lapsed during pendency of this action, rendering many of the Plaintiff's allegations and requested remedies moot. *See* D.E. 51, Def. Namesilo's Response to Order Dated August 2, 2024.

At bottom, all of the Plaintiff's claims relate to information Plaintiff alleges to have been published on specific pages of websites accessible via domain names for which the Plaintiff alleges Defendant Namesilo to have been the registrar. See Compl. ¶ 4 ("The Defendant Namesilo LLC is the Registrar of the following Concealed Entities..."); *id*. ¶¶ 10-25.

Plaintiff does not allege Defendant Namesilo to have been the author of any of the allegedly defamatory material. The Plaintiff does not allege Defendant Namesilo to be the publisher of any of the allegedly defamatory material. The Plaintiff does not even allege Namesilo to be the web hosting service at which any of the allegedly defamatory material was accessible. Plaintiff does not allege these things, because Namesilo was not at any time the author, publisher or even the web host of the material of concern to the Plaintiff. Plaintiff alleges Defendant Namesilo merely to have been the domain name registrar for domain names through which various websites could be accessed, and at which certain pages of those websites allegedly published unspecified material to which the Plaintiff objects.

Plaintiff appears to understand that Namesilo and the other registrar defendants are merely domain name registrars, and are thus neither the authors or publishers of the websites in question. Accordingly, Plaintiff has sought to obtain information concerning the person(s) actually responsible for the websites in question. Plaintiff has been provided with the registrant data of those domain names for which Namesilo had historically been the registrar. *See* D.E. 51. The Plaintiff would have been provided with it much sooner, had the Plaintiff simply served this Action or a subpoena on Namesilo in the first instance, instead of directing legal correspondence to an address which had ceased to be Namesilo's registered address for service long before this Action was filed.[1] Be that as it may, Plaintiff has likewise repeatedly been provided with

_____

[1] Plaintiff, or anyone else, may access the public record of the Arizona Secretary of State at <https://ecorp.azcc.gov/BusinessSearch/BusinessInfo?entityNumber=L15472127> showing

registrant data for domain names which the Plaintiff alleges to have been registered through Defendant Tucows. *See* D.E. 49 ("Plaintiff continues to falsely state he has not been provided with the requested information."). Despite having been given this information, Plaintiff has till not pursued the operator(s) of the alleged websites. Instead, Plaintiff maintains this Action against the various registrar defendants, each of whom has requested leave to file motion(s) to dismiss, none of whom has been granted leave to file a motion to dismiss, and one of whom, Tucows, has been ordered to file an Answer notwithstanding its still-pending request for leave to file a motion to dismiss the Amended Complaint. *See* D.E. 21, Notice of Intent filed Apr. 7, 2021 and D.E. 45, Order dated August 2, 2024.

## II.     Plaintiff's Claims Are Generally Barred By 47 U.S.C. § 230

While Plaintiff is proceeding pro se, he nonetheless is required to conform to pleading requirements. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

Plaintiff alleges various counts addressed individually below, but at their core all of them arise from material that Plaintiff alleges to have been published on specific pages of websites accessible via domain names which Plaintiff alleges to have been registered through Defendant Namesilo and the other registrar defendants.

In general, the potential large scale chilling effect of holding neutral providers of online services liable for undesirable or objectionable speech based upon alleged failure of such

---

appointment of Namesilo's registered agent, InCorp Services, as of October 15, 2019, prior to filing of this Action in April 2020. As this Court is aware, the mailing address which Defendant alleges to be that of Namesilo LLC is defunct as indicated by return of documents the Court mailed to the incorrect address supplied by the Plaintiff [Docket #59]. The Plaintiff likewise has used a defunct and incorrect address for Defendant GoDaddy, which is also why documents mailed by the Court using the address supplied by Plaintiff have been returned [Docket #58]. As these parties have entered appearances, the question of notice is now moot. However, this Action was ripe for dismissal under F.R.C.P. 4(m) several years ago, due to Plaintiff's failure to effect service, or to provide this Court with any basis for having claimed to have made service on Defendant Namesilo at a defunct mailing address.

providers to police the internet was the driving force behind passage of Section 230 of the Communications Decency Act ("CDA"), which provides at 47 U.S.C. § 230(c)(1):

> (1) Treatment of publisher or speaker
>
> **No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.**

The statute also contains a provision confirming that it provides a defense to claims under state law. *See* 47 U.S.C. § 230(e)(3) (stating, in relevant part: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.").

*See Hare v. Richie*, Civ. A. No. ELH-11-3488, 2012 WL 3773116 at *24 (D. Md. Aug. 29, 2012).

The Fourth Circuit has summarized the relevant immunity conferred by § 230(c)(1) as follows:

> Taken together, these provisions bar state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties. Congress thus established a general rule that providers of interactive computer services are liable only for speech that is properly attributable to them. State-law plaintiffs may hold liable the person who creates or develops unlawful content, but not the interactive computer service provider who merely enables that content to be posted online.

*Nemet Chevrolet v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (internal citations omitted).

Plaintiff clearly understands and alleges that Defendant Namesilo is merely the "registrar of record" of domain names corresponding to websites which the Plaintiff otherwise refers to as "concealed entities" and essentially treats as Doe defendants. (Amended Complaint ¶10-25). Indeed, among the relief requested in the Amended Complaint, the Plaintiff requests an order:

> compelling the Defendants in paragraph 4 through 9 to provide the Court with the correct names, billing and payment information, and address of each of the Concealed Entities in paragraph 10 through 34, to know their true identity, for the purpose of this complaint....

Am. Compl. at 37, Prayer for Relief. Hence, by requesting the domain registrant data for the "Concealed Entities" by which the Plaintiff appears to mean the actual publisher(s) or author(s) of the websites in question the Plaintiff effectively admits, in the Amended Complaint, that Defendant Namesilo is not the author or information content provider of the alleged objectionable material.

While the Fourth Circuit has not directly addressed the status of internet domain name registrars in particular as an "interactive service provider" under § 230(c)(1), every court to have specifically considered the question has found that they are. As Defendant GoDaddy enjoys the highest share of the domain name registration market, it will come as no surprise that most findings on this question directly relate to them, as noted in a recent survey in *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1007-08 (9th Cir. 2023):

> In *Ricci v. Teamsters Union Local 456*, the Second Circuit recognized that the term [interactive computer service] "has been construed broadly to effectuate the statute's speech-protective purpose" and easily concluded that § 230 "shields GoDaddy from publisher liability (with respect to web content provided by others) in its capacity as a provider of an interactive computer service." 781 F.3d 25, 28 (2d Cir. 2015) (*citing, inter alia, Kruska v. Perverted Justice Found. Inc*., No. CV 08-0054-PHX-SMM, 2008 WL 2705377, at *3 (D. Ariz. July 9, 2008) ("GoDaddy, as a web host, qualifies as an interactive computer service provider under the CDA.")); *see also Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 406 n.2 (6th Cir. 2014) (including "broadband providers, hosting companies, and website operators" within the term interactive computer service).

Outside of the Ninth, Second and Sixth Circuits, the same result has also been reached in *Smith v. Intercosmos Media Group, Inc.*, Civ. A. No. 02-1964, 2002 WL 31844907, at *1 (E.D. La. Dec. 17, 2002) (finding claims of defamation and libel against a domain name registrar to be preempted by § 230).

Having established the status of a domain name registrar as an "interactive computer service" under §230, the next question is whether the information in question nevertheless originated with the defendant. *Hare,* 2012 WL 3773116 at *27 ("In the words of the statute, if the information on which liability is based was not 'provided by *another* information content

5

provider,' an interactive computer service provider will not be entitled to immunity under § 230(c)(1).") (emphasis in original) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 254 (4th Cir. 2009)).

In *Hare*, for example, this court found that while a website forum operator is normally immune in relation to third-party-authored information posted to a website (as the "interactive computer service" in question), the immunity does not apply in instances where the website operator is in fact the speaker, or specifically authored the material for publication. *See Hare*, 2012 WL 3773116 at *29 ("However, Dirty World's involvement goes beyond mere editorial functions and extends to the creation of its own content—specifically, Mr. Richie's comments at the end of each post.").

Here, the relationship between defendant Namesilo, as alleged by Plaintiff, is much more attenuated, and three steps removed, from whomever may be the author of the website forum postings in question. Plaintiff alleges defendant Namesilo to have merely been the domain name registrar for websites hosted and operated by others at which the offending material was allegedly published. In that role, Namesilo merely provides the service of registering a domain name which, via the registry, informs the internet at large of where the website may be found. In its role as domain name registrar, Namesilo does not host the material in question, and cannot, for example, enable or disable specific webpages of a website. For example, while an unlawful, harmful, or intellectual property-infringing product of some kind might be advertised for sale on Amazon.com, or posted to the interactive messaging service X.com, the domain name registrars for those domain names do not have the ability to control, edit, or selectively disable material on the Amazon.com website or posted to X.com. The registrars for those domain names could hypothetically only disable the Amazon.com or X.com domains entirely, and thus indiscriminately shut off all lawful content accessible via those domain names.

Defendant Namesilo is alleged and admitted by the Plaintiff to have been the registrar of record for domain names through which websites, which the Plaintiff denotes as "Concealed Entities," have been hosted by others, managed by others, and at which sites, the offending

material was authored by others constituting "another information content provider" apart from Namesilo.  Accordingly, the elements of Section 230(c)(1) are satisfied in that the Plaintiff's claims, in general, require treatment of Namesilo as the publisher or speaker in relation to material that was allegedly authored and published by an information provider independent of Namesilo's provision of interactive computer services.

### III.    Applied to Counts 1 and 2

Counts 1 and 2 of the Amended Complaint are denominated as "False Light Invasion of Privacy" and "Defamation Per Se." Both of these counts would require Defendant Namesilo to be treated as the publisher or speaker of the material that would constitute the requisite private or defamatory content in question. Plaintiff additionally claims that Defendant Namesilo had failed to "retract" information which Namesilo had not published in the first place, and in relation to which liability would require a predicate finding that Namesilo were the publisher or speaker. As an interactive computer service provider with respect to the domain names identifying the websites at which the objected material is alleged to have been published, Defendant Namesilo cannot be liable on the basis of claims requiring a predicate finding that Namesilo is the publisher or speaker.

Plaintiff further alleges that Defendant Namesilo, and the other registrar defendants to be "concealing the Identities of the Publishers of the defamatory content." (e.g. Complaint ¶ 44(b)) As one would expect, neither Defendant Namesilo nor the other registrar defendants provides private customer information to persons who demand it, absent appropriate legal process. That does not prevent aggrieved persons from filing suits against Doe defendants and obtaining such information through ordinary legal processes. *See, e.g. Ensor v. Doe*, Civ. No. A-19-CV-00625-LY, 2019 WL 4648486, at *5 n.2 (W.D. Tex. Sep. 23, 2019) ("Website Operators, Domain Name Registrars, and Domain Name Privacy Protection Companies generally prohibit the release of customer or account information without a court order."). Receiving and responding to properly-addressed and properly-served subpoenas is a routine function of internet domain name registrars, including Defendant Namesilo. *See, e.g.*, *In re Request for Issuance of a Subpoena to*

*Namesilo LLC Pursuant to 17 U.S.C. § 512(h)*, No. 22-mc-00105 (W.D. Wash. Nov. 22, 2022). However, the ordinary practice of providing domain name registration privacy services, and responding to duly-served subpoenas and other legal filings, does not make the Defendant Namesilo the speaker or publisher of any of the objectionable information as a consequence of ordinary due process protections of its customers.

## IV.     Counts 3 and 4

Counts 3 and 4 are denominated "Blackmail and Extortion, and Trolling, Cyber Harassment, and Cyberstalking." To the extent these counts are likewise premised upon finding that Defendant Namesilo was the publisher or speaker of the content of the website postings to which Plaintiff objects, then §230 immunity applies to these counts as well.

Here, the Plaintiff cites to two federal criminal statutes which do not confer a private right of civil action, and there is thus no basis for this Court to entertain these counts on their face. As noted in Defendant GoDaddy's Notice of Intent filed August 23, 2024 [Docket #55], "plaintiff may not assert claims based on alleged violations of federal criminal law." *See, e.g., Jones v. Gen. Elec. Co.*, No. ELH-19-196, 2019 WL 6918490, at *9-10 (D. Md. Dec. 19, 2019). Plaintiff has not alleged that Defendant Namesilo, or the other registrar defendants, have engaged in any conduct related in any way whatsoever to the elements of these criminal offenses. Defendant Namesilo is not alleged to have extorted any sort of payment from Plaintiff, nor is Defendant Namesilo alleged to have directed any communications toward Plaintiff other than responding to Plaintiff's various emails initiated by Plaintiff to Namesilo.

## V.     Count 5

Count 5 is denominated "Conspiracy to Violate RICO Act." RICO claims seem to make frequent appearances in pro se civil actions. Defendant Namesilo, and the other registrar defendants, are alleged to have provided domain registrar services, as they do collectively for tens of millions of customers who may engage in all sorts of activities of which domain registrars are unaware and uninvolved. While Plaintiff refers generally to "Defendants" having referred him to various services which Plaintiff claims to have requested fees for "reputation protection"

8

services (*see*, *e.g.*. Compl. ¶121(d)), the sole tenuously-relevant economic activity conducted by Defendant Namesilo is, as admitted by Plaintiff, that of domain name registrar services, which are offered to all comers at ordinary rates. Plaintiff does not specifically allege any acts committed by Defendant Namesilo beyond the provision of interactive computer services for which Defendant Namesilo is immunized under §230.

Merely providing domain name registration services, and observing appropriate legal process in order to divulge customer information to third parties does not plausibly constitute a conspiracy to engage in alleged criminal activities with said customer any more than the sale of any other lawful goods and services which may be used to commit a crime. While *pro se* filings are to be construed liberally, the *pro se* plaintiff is still required to plead facts plausibly constituting a claim. *See Siple v. First Franklin Fin. Corp.*, Civ. A. No. RDB-14-2841, 2015 WL 6163791 at *6 (D. Md. May 15, 2015) ("[E]ven a pro se complaint must be dismissed if it does not allege "a plausible claim for relief."). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (recognizing no pro se exception to the requirement to plead a 'plausible claim for relief'); *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010) ("We must dismiss pro se complaints that are frivolous or fail to state a claim."). Although a "plaintiff need not plead the evidentiary standard for proving" her claim, he may not rely on the mere possibility that she he later establish his claim. *McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.,* 780 F.3d 582, 584 (4th Cir. 2015).

## VI.    Count 6

Again, the Notice of Intent filed by Defendant Godaddy provides a sufficient and complete basis for dismissal of Plaintiff's defective claim under 42 U.S.C. § 1986. Such a claim requires a predicate claim under 42 U.S.C. § 1985. *See Blake v. Maryland*, No. 24-0697, 2024 WL 2053494, at *2 (D. Md. May 7, 2024) ("A § 1986 claim is dependent upon the existence of a claim under § 1985.") (citation omitted). Such a claim would require Plaintiff to allege a conspiracy to obstruct a United States officer from performing their duties (18 U.S.C. § 1985(1)), a conspiracy to intimidate a witness or juror (18 U.S.C. § 1985(2)), or a conspiracy to deprive a

9

citizen of the "equal protection of the laws" and motivated by a discriminatory animus(18 U.S.C. § 1985(3)). Plaintiff alleges no such predicate claim.

## VII.    Conclusion

Plaintiff has received the registration information he sought in relation to the registrant(s) of the (long abandoned and lapsed) domain names alleged in the Complaint and which were registered through the interactive computer service provided by Defendant Namesilo, mooting his claims seeking such information about the domain name registrant and operator of the websites in question. Otherwise, to the extent his claims seek other substantive relief premised upon Defendant Namesilo having been the speaker or publisher in relation to such websites, such claims are inadequately pleaded and/or preempted, and must be dismissed in full.

Dated: October 7, 2024                              Respectfully submitted,

                                                                   /s/ *Stevan H. Lieberman*
                                                                   Stevan H. Lieberman
                                                                   Greenberg & Lieberman, LLC
                                                                   1775 Eye Street NW
                                                                   Suite 1150
                                                                   Washington, DC 20006
                                                                   Tel: 202-625-7000
                                                                   Fax: 202-625-7001
                                                                   Stevan@aplegal.com

                                                                   *Counsel for Defendant Namesilo, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 7, 2024 I did cause the foregoing documents to be filed via the CM/ECF program into the docket of this matter, which filing caused service to be made upon all counsel of record.

/s/ *Stevan H. Lieberman*
Stevan H. Lieberman