IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OBADIAH OSEKO KEGE<br><br>Plaintiff,<br><br>V.<br><br>NAMESILO, LLC ET AL.<br><br>Defendant. | CASE NO.: 8:20-CV-01066-TDC<br><br>NOTICE OF INTENT TO FILE<br><br>REQUEST FOR A PRE-MOTION CONFERENCE TO SEEK PERMISSION TO FILE A MOTION TO DISMISS THE PLAINTIFF'S AMENDED COMPLAINT |

Defendant NameSilo, LLC ("NameSilo" or "Defendant"), by and through undersigned counsel, respectfully submits this request for a pre-motion conference to seek permission to file a motion to dismiss the Plaintiff's Amended Complaint, pursuant to the Court's Individual Rules and Practices.

INTRODUCTION

Defendant NameSilo acknowledges the Court's Order dated September 24, 2024 [D.E. #60], and the subsequent clarification in the Court's Order dated October 9, 2024 [D.E. #63]. NameSilo initially understood the prior order to include all responsive filings, such as motions, related to the Amended Complaint. In light of the Court's clarification, NameSilo now requests a pre-motion conference to seek permission to file a motion to dismiss.

NameSilo intends to move for dismissal based on Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), lack of personal jurisdiction, and Plaintiff's failure to prosecute. These grounds are consistent with those raised in prior filings by similarly situated defendants in this case, including Defendant Tucows [D.E. #21], Defendant Dynadot [D.E. #51], and Defendant GoDaddy [D.E. #52].

**GROUNDS FOR DISMISSAL**

I.      Immunity Under Section 230 of the Communications Decency Act

Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), grants broad immunity to interactive computer service providers, including domain name registrars, against claims that seek to treat them as publishers or speakers of third-party content. The Plaintiff's Amended Complaint clearly identifies NameSilo's role as a domain name registrar, which is recognized as an interactive computer service.

As the Fourth Circuit explained in *Zeran v. America Online*, 129 F.3d 327, 330 (4th Cir. 1997), Section 230 was designed to protect internet service providers from lawsuits based on third-party content. Courts have consistently upheld this immunity for domain name registrars. For instance, in *Rigsby v. GoDaddy Inc.*, 59 F.4th 998, 1004 (9th Cir. 2023), GoDaddy was granted immunity in a similar context, reinforcing that domain name registrars are not liable for third-party content accessible via the domains they register.

II.     Lack of Personal Jurisdiction

The Amended Complaint does not allege sufficient facts to establish personal jurisdiction over NameSilo in this forum. Under International Shoe Co. v. Washington, 326 U.S. 310 (1945), a defendant must have minimum contacts with the forum state for personal jurisdiction to be proper. The Plaintiff has not provided any allegations of forum-related activities by NameSilo that would justify such jurisdiction. Additionally, courts have consistently held that merely serving as a domain name registrar is insufficient to establish personal jurisdiction (see Doe v. Geller, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008)).

III. Failure to Prosecute and Misleading Conduct

Plaintiff has engaged in conduct that has unduly prolonged this action, including misrepresenting service addresses for Defendants NameSilo and GoDaddy. In addition, Plaintiff has failed to diligently prosecute the case, which supports dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute (see *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

CONCLUSION

Defendant NameSilo respectfully requests that the Court either grant permission to file a motion to dismiss based on the grounds outlined above or schedule a pre-motion conference to discuss the intent to file such a motion. The motion would address dismissal under Section 230 of the Communications Decency Act, lack of personal jurisdiction, and failure to prosecute. Given the clear legal precedents supporting dismissal, NameSilo submits that a pre-motion conference will efficiently resolve the legal issues and prevent unnecessary prolongation of this matter.

Respectfully Submitted

Dated: October 9, 2024	____/s/ Stevan Lieberman_____
Stevan Lieberman
Greenberg & Lieberman, LLC
1775 I St., NW Suite 1150
Washington, D.C. 20006
T: (202) 625-7000
F: (202) 625-7001
Stevan@aplegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 9, 2024 I did cause the foregoing documents to be filed via the CM/ECF program into the docket of this matter, which filing caused service to be made upon all counsel of record.

/s/ *Stevan H. Lieberman*
Stevan H. Lieberman