**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | | |
|---|---|---|
| OBADIAH OSEKO KEGEGE | * | |
| Plaintiff, | * | |
| V. | * | Case No.: __8:20-CV-01066__ |
| SCOTT BREITENSTEIN, JOSH JACKSON, GEORGE RING, NAMESILO LLC, GODADDY.COM LLC, DYNADOT LLC, AND TUCOWS INC. | * | **JURY TRIAL DEMANDED** |
| | * | |
| Defendants. | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

<u>**COMPLAINT**</u>

1) The Plaintiff Dr. Obadiah Oseko Kegege,  hereby files this Amended Complaint for **(i) False Light Invasion of Privacy, (ii) Defamation Per Se, (iii) Intentional Copyright Infringement for Financial Gain,  (iv) Blackmail and Extortion, (v) Trolling, Cyber Harassment, and Cyberstalking, (vi) Conspiracy Against Rights, and (vii) Neglect to Prevent;**  with all seven Counts against the Defendants **SCOTT BREITENSTEIN, JOSH JACKSON,  and GEORGE RING;** arising from the extortion schemes and threats for ransom, along with maliciously and negligently publishing false and defamatory content on their websites defaming and characterizing the Plaintiff as a conman, liar, and with immoral character and beliefs that he does not hold (also refer to ECF No. 19).  The aforementioned Defendants published the defamatory content about the Plaintiff alongside his full names, picture, and residence information.  These false and defamatory publications were/are accessible worldwide, while the aforementioned Defendants threatened the Plaintiff to pay ransom with consequences of heavy penalties if deadlines were not adhered to.  These Torts injured the

Plaintiff's personal and business reputation, caused his business financial losses, caused him serious emotional distress and health problems, embarrassment, and personal humiliation.

2) Also, the Plaintiff Dr. Obadiah Oseko Kegege, hereby files this Amended Complaint for **(vi) Conspiracy Against Rights** and **(vii) Neglect to Prevent** against the following Defendants: **NAMESILO LLC, GODADDY.COM, LLC, and DYNADOT LLC.** The Defendants NAMESILO LLC, GODADDY.COM, LLC, and DYNADOT LLC served as the Domain Registrar of Record of the Concealed Websites. The Defendants NAMESILO LLC, GODADDY.COM, LLC, and DYNADOT LLC were aware of the Complaint (ECF No. 19), the torts of Defamation and Intentional Copyright Infringement for Financial Gain but did not take any action for more than three years. Some of the Concealed Entities have registered new domains and continued with the same torts while getting immunity or privacy protection by the Registrars of Record. These Torts injured the Plaintiff's personal and business reputation, caused his business financial losses, caused him serious emotional distress and health problems, embarrassment, and personal humiliation.

3) Also, the Plaintiff Dr. Obadiah Oseko Kegege, hereby files this Amended Complaint for **(vii) Neglect to Prevent** against the Defendants **TUCOWS INC.** TUCOWS INC served as the Domain Registrar of Record of a Concealed Entity. The Defendants TUCOWS INC was/is aware of the Complaint (ECF No. 19), the torts of Defamation and Intentional Copyright Infringement for Financial Gain committed by their Domain Registrant but TUCOWS INC has not provided the True Identity of the Concealed Entity. These Torts injured the Plaintiff's personal and business reputation, caused his business financial losses, caused him serious emotional distress and health problems, embarrassment, and personal humiliation.

**Jurisdiction and Venue**

4)   This Court has jurisdiction over this action pursuant to 28 U.S. Code § 1332.  The diversity of citizenship (the Parties are citizens of different States and foreign States), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5)   The Plaintiff is a resident of Prince Georges County, in the State of Maryland, USA.

6)   The Plaintiff believes this Court has jurisdiction because the torts by the Defendants purposefully caused physical and economic injury to the Plaintiff and his business, in the State of Maryland.

7)    In addition, these particular online defamation materials have been accessed by many people in the State of Maryland, and the purposeful extortion schemes and threats for ransom were directed at the Plaintiff as a resident of Maryland (with the Defendants maliciously and negligently publishing his residence information).

**The Parties**

8)   The Plaintiff **Dr. Obadiah Oseko Kegege** is a citizen of the United States residing in Maryland, USA. He has over a decade of experience in engineering, research, a patent, technology development, and project management.  He is internationally known for his professional experience, has given talks at various conferences, including a keynote speech at international event.  Also, the Plaintiff is a small business owner.

9) The Defendant **Scott Breitenstein** is/was the owner of the following Defamatory Websites:

| DEFENDANT / REGISTRANT (OWNER) – Previously concealed by the Registrar | DEFAMATORY WEBSITES | REGISTRAR |
|---|---|---|
| **Scott Breitenstein** 29 Bidleman St Dayton, OH 45410 breitensteinscott@gmail.com Phone: 937-540-5871 *(refer to ECF 51-2)* | **WTFCHEATERS.COM** **WORSTHOMEWRECKERS.COM** **SHESHOMEWRECKER.COM** **CHEATERXPOSED.COM** **HELLOCHEATERS.COM** **CHEATERSIREN.COM** **WTFSCAM.COM** **REPORTAFFAIRS.COM** **CHEATERINFORMER.COM** **WIKICHEATER.COM** **EXPOSECHEATINGONLINE.COM** **CHEATERPICTURE.COM** **INTERNETCHEATER.COM** DONTDATEACHEATER.COM **CHEATERRADAR.COM** | **Namesilo LLC** |
| **Scott Breitenstein** 29 Bidleman St Dayton, OH 45410 breitensteinscott@gmail.com Phone: 937-540-5871 *(refer to ECF 52-2)* | **EXPOSECHEATERS.COM** | **Dynadot LLC** |

10) The Defendant **Josh Jackson** is/was the owner of the following Defamatory Website:

| DEFENDANT / REGISTRANT (OWNER) – Previously concealed by the Registrar | DEFAMATORY WEBSITES | REGISTRAR |
|---|---|---|
| **Josh Jackson** 7680 Hwy 98 Pensacola, FL 32506 US solutionscentral6@bitmessage.ch Phone: 802-328-8006 *(refer to ECF 51-2)* | **CATFISHED.NET** | **Namesilo LLC** |

11) The Defendant **George Ring** is/was the owner of the following Defamatory Website:

| DEFENDANT / REGISTRANT (OWNER) – Previously concealed by the Registrar | DEFAMATORY WEBSITES | REGISTRAR |
|---|---|---|
| **George Ring**<br>Office 401-74, Century Tower, Av. Ricardo Alfaro<br>El Dorado<br>Panama City, PA 00000<br>*(refer to ECF 51-2)* | DEADBEATREGISTRY.COM | **Namesilo LLC** |

12) The Defendant **NameSilo LLC** is an internet domain registrar with its principal place of business located at 1300 E. Missouri Avenue, Suite A-110, Phoenix, AZ 85014 (address as published by the Internet Corporation for Assigned Names and Numbers (ICANN)).  **NameSilo LLC** has claimed that this is not their true address.   The Defendant **NameSilo LLC** served as the **Registrar of Record** of the following **Concealed Entities** that published false and highly offensive defamatory content defaming the Plaintiff alongside his full three names, picture, and residence information:

a)  **wtfcheaters.com**
b)  **worsthomewreckers.com**
c)  **catfished.net**
d)  **sheshomewrecker.com**
e)  **cheaterxposed.com**
f)  **hellocheaters.com**
g)  **cheatersiren.com**
h)  **wtfscam.com**
i)  **reportaffairs.com**
j)  **cheaterinformer.com**
k)  **wikicheater.com**
l)  **exposecheatingonline.com**
m)  **cheaterpicture.com**
n)  **internetcheater.com**
o)  **dontdateacheater.com**
p)  **cheaterradar.com**

13) The Defendant **GoDaddy.com, LLC**  is an internet domain registrar with its principal place of business at 14455 N. Hayden Rd, Scottsdale, AZ  85260  (address as published by the Internet Corporation for Assigned Names and Numbers (ICANN)).  **GoDaddy.com, LLC**  has claimed that this

is not their true address.    The Defendant **GoDaddy.com, LLC** served as the **Registrar of Record** of the following **Concealed Entities** that published false and highly offensive defamatory content defaming the Plaintiff alongside his full three names, picture, and residence information:

    a) **cheaterexpose.com**
    b) **exposecheater.com**
    c) **cheaterboard.com**

The Defendant **GoDaddy.com, LLC** has defied the subpoena and refused to unmask the identities of the Concealed Entities.

14) The Defendant **Dynadot LLC** is an internet domain registrar with its principal place of business at 210 S Ellsworth Ave #345, San Mateo, CA 94401. **Dynadot LLC** served as the Registrar of Record of **exposecheaters.com**, a **Concealed Entity** that published false and highly offensive defamatory content defaming the Plaintiff alongside his full three names, picture, and residence information.

15) The Defendant **Tucows Inc. (Tucows Domains Inc.)** is a domain registrar and a publicly traded internet services and telecommunications company incorporated in the United States with its principal place of business at 96 Mowat Ave, Toronto,  M6K3M1 Canada. **Tucows Inc** served as the Domain **Registrar of Record** of **scornedlove.com,** a **Concealed Entity** that published false and highly offensive defamatory content defaming the Plaintiff alongside his full three names, picture, and residence information.

<u>**Background and Example of Publications on Defendants' Websites**</u>

16) In February 2019, the Plaintiff learned about anonymous false and highly offensive defamatory content using his full three names, picture, and residence information published on four of the Defendants websites below:

    a) https://bustedcheaters.com/obadiah-oseko-kegege-upper-marlboro-md/
    b) https://www.exposecheater.com/obadiah-oseko-kegege-upper-marlboro-maryland/
    c) http://www.cheaterboard.com/tag/obadiah-o-kegege/
    d) https://wtfcheater.com/obadiah-oseko-kegege-upper-marlboro-md/

17) The Plaintiff contacted the Defendants above (paragraph 16) through the "Dispute or Remove Content" links on their websites but they refused to retract the content. The Defendants bustedcheaters.com, exposecheater.com, cheaterboard.com and wtfcheater.com (paragraph 16) provided the Plaintiff with internet links to reputation management companies to pay for 3rd party arbitration services to remove the defamatory content from their websites.

18) The Plaintiff contacted Google.com and requested Google to block the defamatory links on paragraph 16 from appearing on their search engine. Google responded positively and blocked the four links above from appearing on their search engine.

19) By April 2019, the Plaintiff learned that the above Defendants had populated the same internet websites (using different tags and URLs) with the same defamatory content to avoid getting blocked on search engines. Also, more new websites were added publishing the same defamatory content. On the other hand, the Plaintiff received anonymous calls directing him to wire money with a deadline of two weeks to entities who claimed to be in Panama and Belize in order to delete the defamatory content from the websites. When the Plaintiff assured these entities that he will never wire money to anyone outside the country, they provided another alternative to pay through an arbitration law firm in Ohio or a reputation management company in the USA. The removal process was exploitive and very expensive (refer to Exhibit 2).



**Figure 1** – Content defaming the Plaintiff published on www.cheaterboard.com



**Figure 2** – Content defaming the Plaintiff published on www.cheaterpicture.com

20) The Plaintiff believes that the Defamatory Websites launched directed attacks because he did not pay ransom directly or pay reputation management companies as directed by them.

21) Through Court Order (ECF No. 45), the Defendants NAMESILO LLC and DYNADOT LLC have provided some of the subpoenaed documents that identified **Scott Breitenstein, Josh Jackson,** and **George Ring** as the owners of some of the Defamatory websites.

22) In reference to the examples in Figures 1 and 2 (pg 8 and pg 9), the same defamatory content was/has been published by the Defendants **Scott Breitenstein, Josh Jackson, George Ring,** and among other Defendants currently Concealed by **GoDaddy.com LLC**.

23) The Defendant GODADDY.COM, LLC has ignored or defied the Subpoena to produce documents and to aid the discovery process.

24) As of April 15, 2020, there were **103 internet links** publishing the same content (Figures 1 and 2) defaming the Plaintiff. As shown in **Figure 3,** when the Plaintiff's business clients or potential employers searched the Plaintiff's names, the Defendants in Paragraph 22 had registered more internet domains, populated the internet with URLs shown on Exhibit 1, to ensure that the defamatory content (conman, liar, etc.) pops up online before the Plaintiff's professional or business achievements would show up. The Plaintiff believes that these were coordinated and direct attacks with the intent to inflict maximum harm and then collect ransom (a form of cyber terrorism and modern-day lynching techniques).

25) These torts, with coordinated and direct attacks inflicted enormous economic harm and forced the Plaintiff to close down his small business.



**Figure 3** – Defendants Populated Search Engines with Defamatory Content to Infliction Maximum Harm

26) Here are some facts common to the Background Information:

a) The Concealed Entities in Exhibit 1 published defamatory content defaming the Plaintiff.

b) The Concealed Entities in Exhibit 1 published the Plaintiff's picture on defamatory websites without his permission. The Plaintiff owns the Copyright to this picture and the Plaintiff's small business has used this picture for several years.

c) Defendants NAMESILO LLC, GODADDY.COM, LLC, DYNADOT LLC, and TUCOWS INC served as the **Domain Registrars of Record** of the Concealed Websites, some that were/are owned

by the Defendants **Scott Breitenstein, Josh Jackson,   George Ring,** and among other Defendants currently Concealed by **GoDaddy.com LLC.**

d) The Plaintiff informed the Concealed Entities in Exhibit 1 and the Defendants in 26 (b) about the  Defamatory Content and Copyright Infringement contained in the defamatory content in Exhibit 1, and requested that they retract and refrain from publishing.

e) TUCOWS INC is the only Registrar of Record that responded, its Concealed Entity retracted the defamatory content, but TUCOWS INC did not provide the True Identity of the Concealed Entity.

f) The Defendants NAMESILO LLC,   GODADDY.COM, LLC,   and DYNADOT LLC took more than three year to enter an appearance, enabling the Concealed Entities to continue committing defamation, copyright infringement, and extortion schemes, among other torts against the Plaintiff.

g) The Concealed Entities in Exhibit 1 engaged in extortion schemes for ransom and referred the Plaintiff to contact "specified" reputation management companies and 3rd party arbitration services to remove the defamatory content from their websites.

h) The Defendants have injured the Plaintiff's personal and business reputation, caused his business financial losses, caused him serious emotional distress and health problems, embarrassment, and personal humiliation.

i) The Concealed Entities in Exhibit 1 are well known to their Registrars of Record.  The Internet Corporation for Assigned Names and Numbers (ICANN) requires that when an entity (Domain Registrant) registers a Domain Name, "you must give your Registrar accurate and reliable contact details, and correct and update them promptly if there are any changes during the term of the registration period" (https://www.icann.org).

j)  The Domain Registrars of Record (Defendants NAMESILO LLC,   GODADDY.COM, LLC, DYNADOT LLC, and TUCOWS INC) have replaced the Domain Registrants' (Defamatory Websites') contact information with their (Domain Registrars') contact information to provide them with the privacy (see ECF No.1  and ECF No. 19).

k)  The Domain Registrars of Record NAMESILO LLC,  GODADDY.COM, LLC,  DYNADOT LLC, and TUCOWS INC maintain a database with the correct names, contact details, billing and payment records of the **Concealed Entities** which should be provide upon request by the Court.

### The Publications on Defendants' Websites were/are False and Defamatory

27) The Plaintiff, Dr. Obadiah Oseko Kegege is not a conman (fraudster), and never been attributed to such character.  Dr. Kegege is not a liar, and never been attributed to such character.  The information is false and misleading.  Dr. Kegege exhibits high moral standards and is a good citizen with a sound moral compass.  Apart from his professional achievements and international recognition, he has received awards for mentoring and other voluntary activities in the community.

28) The Plaintiff, Dr. Kegege does not have the number of kids published on the Defendants websites. The information is false and misleading. And, the Plaintiff's family, wife, or children have never sought publicity on the defamatory websites.

29) Dr. Kegege did not authorize or consent to having false and highly offensive defamatory content using his full three names, picture, and residence information posted on Defendants' websites.

30) After Dr. Kegege learned of the website publications, he contacted All the Defendants through their emails listed on Whois.com/ICANN database, and informed them that their publications are defamatory, informed them that they committed copyright infringement, and demanded that they be fully retracted.

31) Despite the Plantiff's notice of the torts committed by a Concealed Entities who **NameSilo LLC** served as their Domain Registrar of Record, Defendant **NameSilo LLC** failed take an action or enter an appearance for more than three years.

32) Despite the Plantiff's notice of the torts committed by a Concealed Entities who **GoDaddy.com, LLC** served as their Domain Registrar of Record, Defendant **GoDaddy.com, LLC** failed take an action or enter an appearance for more than three years.

33) Despite the Plantiff's notice of the torts committed by a Concealed Entity who **Dynadot, LLC** served as their Domain Registrar of Record, Defendant **Dynadot, LLC** failed take an action or enter an appearance for more than three years.

34) Despite the Plantiff's notice to **Scott Breitenstein** (through the emails listed on Whois.com/ICANN database, for the Concealed Entities) about the torts committed and the demand to "cease and desist," Defendant Scott Breitenstein failed take an action or enter an appearance.

35) Despite the Plantiff's notice to **George Ring** (through the emails listed on Whois.com/ICANN database, for the Concealed Entities) about the torts committed and the demand to "cease and desist," Defendant **George Ring** failed take an action or enter an appearance.

36) Despite the Plantiff's notice to **Josh Jackson** (through the emails listed on Whois.com/ICANN database, for the Concealed Entities) about the torts committed and the demand to "cease and desist," Defendant **Josh Jackson** failed take an action or enter an appearance.

### The Published Defamatory Content Caused Plaintiff Serious Injury

37) The Defendants published false, misleading, and highly offensive defamatory content using the Plaintiff's full three names, picture, and residence information.  These website publications placed the Plaintiff in a false light before the world-at-large, in a way that is highly offensive to a reasonable person, and has caused serious damage to the Plaintiff's professional, personal reputation, and business opportunities.

38) The worldwide publications of false, defaming, and misleading information has caused Plaintiff to suffer loss of personal reputation, emotional distress and health problems, embarrassment, personal humiliation, and a lot of stress, and loss of his small business.

39) The Plaintiff's family has suffered with embarrassment, humiliation, and emotional distress.

### COUNT I: False Light Invasion of Privacy

40) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39.

41) The Defendants **Scott Breitenstein, Josh Jackson, George Ring,** and other Defendants currently Concealed by **GoDaddy.com LLC** published false and defamatory content on their websites, with highly offensive language falsely characterizing the Plaintiff as a conman, very immoral, a liar, and together with the defamatory content, the Defendants published his picture alongside his full three names and residence information.

42) The Defendants (Paragraph 41) portrayed the Plaintiff with a character that he has never held, and contained statements of opinions and beliefs not held by Plaintiff that placed the Plaintiff in a false light, specifically, that he is a conman (fraudster) , a liar, and very immoral. Such false light is highly offensive to a reasonable person was/is directed to injure the Plaintiff's business.

43) As of April 15, 2020, there were **103 internet links** attached to the Plaintiff's name, accessible worldwide, and defaming the Plaintiff.

44) The Defendants (paragraphs 41) published the defamatory content and pictures without privilege and without Plaintiff's consent.  The Plaintiff owns the copyright to his pictures.

45) The Defendants acted with actual malice by populating the internet links to enable mass publicity worldwide, rejecting the requests from the Plaintiff to retract, and with reckless disregard of the authenticity of the publications.

46) By attributing the negative character, highly offensive defamatory falsehoods, and false beliefs to the Plaintiff, the Defendants adversely affected his professional, business, and personal reputation

and credibility he built for over two decades.  Specifically, the defamatory publications caused the Plaintiff to suffer in the following:

   a)  Personal humiliation, embarrassment, severe emotional distress and health problems;

   b)  Loss of his personal and professional reputation in the United States and Worldwide;

   c)  Loss of his business opportunities in the United States and Worldwide.  The Plaintiff is a small business owner that was severely affected by the Defendants' defamation;

   d)  The false implication attached to him that he is a conman, liar,  and with very immoral character exposed the Plaintiff to hatred in society, and will cause him to be shunned; and

   e)  Being inscribed as a conman and liar injured the Plaintiff's future business ventures and partnerships.  Reputation is a factor in business partnerships.

47) The Plaintiff informed the Defendants in writing (refer to ECF No. 1, Exhibits A through F) about the defamatory content, copyright infringement, and that he did not hold the ascribed character or beliefs.  The Plaintiff requested the Defendants for immediate retraction of online defamatory publications, but the Defendants failed to do so.

   WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants  in Paragraph 41 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,  issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

### COUNT II:  Defamation Per Se

48) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47.

49) The Defendants **Scott Breitenstein,  Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC** published false and defamatory content on their websites, with highly offensive language falsely characterizing the Plaintiff as a conman, very immoral, a liar, and together with the defamatory content, the Defendants published his picture alongside his full three names and residence information.

50) By describing the Plaintiff as a conman (fraudster), a liar, with very immoral character, using highly offensive defamatory statements and false beliefs he does not hold, the Defendants defamed Plaintiff per se and have proximately caused injury to the Plaintiff's professional reputation, credibility, and his business. Specifically, the publications have caused Plaintiff to suffer in the following manner:

   a)  Personal humiliation, embarrassment, severe emotional distress and health problems;

   b)  Loss of his personal and professional reputation in the United States and Worldwide;

   c)  Loss of his business opportunities in the United States and Worldwide.  The Plaintiff is a small business owner that has been severely affected by the Defendants' defamation;

   d)  The false implication attached to him that he is a conman, liar,  and very immoral character has exposed the Plaintiff to hatred in society, and will cause him to be shunned; and

   e)  Being inscribed as a conman and liar injured the Plaintiff's future business ventures and partnerships.  Reputation is a factor in business partnerships.

51) The Plaintiff informed the Defendants in writing (refer  to ECF  No. 1, Exhibits A through F) about the defamatory content, copyright infringement, and that he did not hold the ascribed character or

beliefs.  The Plaintiff requested the Defendants for immediate retraction of online defamatory publications, but the Defendants failed to do so.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants  in Paragraph 49 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,  issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

### COUNT III: Intentional Copyright Infringement for Financial Gain

52) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 51.

53) The Plaintiff believes that the Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC** have ALL committed Intentional Copyright Infringement for Financial Gain for the following reasons:

a) All Defamatory websites (previously Concealed Entities) were informed that they were publishing the Plaintiff's picture without his permission.  The Plaintiff created the picture, owns the copyright, used/uses the same picture for his small business website, and owns the right to give permission to any entity that would like to use it.

b) Defendants in Paragraph 53 published false defamatory content about the Plaintiff, using his picture without permission on their internet domains, so that the communication can reach a wider audience worldwide.

c) There is a clear intent to injure the Plaintiff reputation from the nature of obscenity in the defamatory content.

d) There was/is clear intent to extort money from the Plaintiff.  The Defendants refused to delete the defamatory content, but rather provided third party websites links for the Plaintiff to pay ransom to remove the content and release his kidnapped reputation.

e) The Defendants demonstrated harassment and intimidation by more public exposure if the ransom was not paid.  They exponentially populated and published defamatory content together with the Plaintiff's picture online (increased to 103 web addresses) as a retaliatory (refer to Figure 3).  This level of Copyright infringement was/is intentional, large-scale, and done for personal financial gain or commercial advantage.

f) The Defendants defamatory publications and Copyright infringement actions were perpetrated across a computer system (internet), an instrument of interstate commerce, and violate the law (18 U.S. Code § 875 (d)).

54) The Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC** defamed the Plaintiff and intentionally distributed the Plaintiff's copyrighted material for financial gain.  This highly contributed to the loss of the Plaintiff's small business that depended on the internet to succeed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants  in Paragraph 53 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,  issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## COUNT IV: Blackmail and Extortion

55) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54.

56) The Plaintiff believes Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC**  have ALL committed Blackmail and Extortion by:

a) The Defendants Published/are publishing false and defamatory content falsely defaming the Plaintiff using highly offensive defamatory content and placing his picture alongside his full three names and residence information.

b) The Defendants demonstrated harassment and intimidation by more public exposure if the ransom was not paid.  They have exponentially populated and published defamatory content online (increased to 103 web addresses) as a retaliatory, so that the communication can reach a wider audience worldwide.

c) The Defendants demonstrated a clear intent to injure the Plaintiff reputation from the nature of obscenity in the defamatory content.

d) The Defendants demonstrated a clear intent to extort money from the Plaintiff.  The Defendants refused to delete the defamatory content, but rather provided third party websites links for the Plaintiff to pay ransom to remove the content and release his kidnapped reputation.

e) The Defendants defamatory publications and actions were perpetrated across a computer system (internet), an instrument of interstate commerce, and violate the law (18 U.S. Code § 875 (d)).

f) Pursuant to 18 U.S.C. §§ 875–877, it is against the law for anyone to transmit in interstate commerce certain threats with the intent to extort, including threats to accuse of a crime or to injure person, property, or reputation.

57) The Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC** defamed the Plaintiff and intentionally distributed the Plaintiff's copyrighted material, ramping up coordinated extortion schemes to collect ransom.  This highly contributed to the loss of the Plaintiff's small business that depended on the internet to succeed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants  in Paragraph 56 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,  issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## Count V:  Trolling, Cyber harassment, & Cyberstalking

58) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57.

59) The Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC** published Plaintiff's personal information and pictures inscribed with highly offensive defamatory content to reach a wider worldwide audience, with the intent to shame, scare, defame, endanger, and embarrass, then become vulnerable for extortion (violates 18 U.S.C. § 2261A(2)).

60) The Plaintiff owns the Copyright to his personal picture that was populated on all 103 defamatory internet links.

61) The Defendants published false information and rumors about the Plaintiff on the Internet to reach a wider worldwide audience.

62) These inflammatory, defamatory, and inappropriate publications by the Defendants were intended to upset the Plaintiff and provoke a response.

63) By trolling, the Defendants set the Plaintiff up for further cyber crimes including identity theft, fraud, phishing, hacking and other cyber crimes.

64) Defendants made direct harassment, indirect electronic harassment, cyber-harassment, and retaliatory threats to harm the Plaintiff by populating the number of defamatory internet website publications whenever the Plaintiff requested that they be retracted and delete from the internet. The level of obscenity and malice of the published false inflammatory content about the Plaintiff will invite the public to harass or threaten the Plaintiff.

65) The Defendants used internet (the interactive computer service, and electronic communication system of interstate commerce) and engaged in series of repeated, unwanted, intrusive internet publications intended to cause substantial emotional distress to the Plaintiff and the Plaintiff's immediate family (violates 18 U.S.C. § 2261A(2),   18 U.S.C. § 875(c)).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants in Paragraph 59 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,   issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## Count VI: Conspiracy Against Rights

66) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 65.

67) The Defendants **Scott Breitenstein,  Josh Jackson,  George Ring,** and other Defendants currently Concealed by **GoDaddy.com LLC** launched coordinated attacks using the same picture and published the same false and defamatory content on their websites, with highly offensive language falsely

characterizing the Plaintiff as a conman, very immoral, a liar, and together with the defamatory content, published his full three names and residence information.

68) The Defendants in Paragraph 67 have demonstrated a continuing coordinated pattern of attacks to injure the Plaintiff and threatened to inflict more punishment when the Plaintiff requested to retract and refrain from Defamation and Copyright Infringement.  The Defendants' activities to prevent the Plaintiff from exercising his rights to happiness or his rights to own a business are detailed below:

a)  The Defendants Scott Breitenstein,  Josh Jackson,  George Ring, and  other Defendants currently Concealed by GoDaddy.com LLC harassed and intimidated the Plaintiff with the intent to extort;

b)  The Defendants Scott Breitenstein, Josh Jackson,  George Ring, and  other Defendants currently Concealed by GoDaddy.com LLC provided internet links for the Plaintiff to pay ransom to remove defamatory content and repair his reputation, and;

c)  When the Plaintiff refused to pay ransom to the Defendants' third party Reputation Defenders, the Defendants retaliated with populating more internet domains with replication of the mentioned (Figure 1 & 2) false defamatory content about the Plaintiff.

d)  There is a clear line of conspiracy between Defendants Scott Breitenstein,  Josh Jackson,  George Ring, and  other Defendants currently Concealed by GoDaddy.com LLC; and Third Party Reputation Defenders who should be All liable for penalties pursuant to 18 U.S.C. § 241 and 18 U.S. Code § 1512 (k).

69) The Domain Registrars of Record of the Concealed Websites Defendants NAMESILO LLC, GODADDY.COM  LLC,   DYNADOT LLC, and  TUCOWS INC were informed about the torts being committed by their Domain Registrants and  were subpoenaed to unmask the Concealed Entities ( refer to ECF No. 19, ECF No. 45).

70) **GODADDY.COM  LLC** is the only Domain Registrar of Record that ignored the subpoena to produce documents.

71) Apart from the 103 websites shown in Exhibit 1, more websites have ramped up another new and different version of Defamation and Copyright Infringement against the Plaintiff. **GODADDY.COM LLC** is serving as the Registrar of Record of the **new Concealed Entities** that are engaged in new Defamation and Intentional Copyright Infringement against the Plaintiff (see Exhibit 3).

72) The Plaintiff believes that the Domain Registrar GODADDY.COM LLC has committed Conspiracy Against his Rights (18 U.S.C. § 241 ) by ignoring the Court Subpoena and continuing to shield the Concealed Entities while knowing that those Concealed Entities are committing defamation, extortion, schemes to defraud, conspiracy against rights, among other torts.

73) The Plaintiff believes that these are acts of a hate crime or a form of Modern-Day Lynching. And, the Plaintiff believes that it is illegal for the Defendants to conspire to threaten, injure, extort, and continue with coordinated attacks in order to prevent him from exercising his rights (18 U.S.C. § 241).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against GODADDY.COM LLC, against the Defendants in Paragraph 67 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff, issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## Count VII:   Neglect to Prevent  (42 U.S. Code § 1986)

74) Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73.

75) The Plaintiff informed the Domain Registrar of Record of the Concealed Websites Defendants NAMESILO LLC, GODADDY.COM LLC, DYNADOT LLC, and TUCOWS INC about the torts of

Defamation, Intentional Copyright Infringement, among other torts committed by their Domain Registrants.

76) The Domain Registrar of Record of the Concealed Websites Defendants NAMESILO LLC, GODADDY.COM LLC,  DYNADOT LLC, and TUCOWS INC have/had the power to prevent or disable any website they registered if they determine that they belong to cyber criminals/cyber terrorist but neglected so to do.

77) TUCOWS INC  is the only Domain Registrar of Record that responded promptly, disabled the Concealed Entity,  but TUCOWS INC has failed to unmasked the identity of their Concealed Entity.

78) The Defendant NAMESILO LLC had the knowledge of the torts committed by their Domain Registrants (their Concealed Entities).  For more than three years after getting the Notice, the Defendant NAMESILO LLC neglected to take any action to stop/address the torts committed by their Domain Registrants or enter an appearance and provide the subpoenaed documents.

79) The Defendant DYNADOT LLC had the knowledge of the torts committed by their Domain Registrants (their Concealed Entities).  For more than three years after getting the Notice, the Defendant DYNADOT LLC neglected to take any action to stop/address the torts committed by their Domain Registrants or enter an appearance and provide the subpoenaed documents.

80) The Defendant GODADDY.COM  LLC had the knowledge of the torts committed by their Domain Registrants (their Concealed Entities).  For more than three years after getting the Notice, the Defendant GODADDY.COM  LLC neglected to take any action to stop/address the torts committed by their Domain Registrants or enter an appearance and provide the subpoenaed documents. Furthermore, Defendant GODADDY.COM  LLC has ignored the subpoena to produce documents.

81) The Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and  other Defendants currently Concealed by **GoDaddy.com LLC**  were requested to retract, delete and refrain from publishing the highly offensive defamatory content to reach a wider worldwide audience, but neglected so to do.

82) The Plaintiff believes that Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** Defendants currently Concealed by **GoDaddy.com LLC** , and Domain Registrar of Record Defendants **NAMESILO LLC,  GODADDY.COM  LLC,  DYNADOT LLC,** and **TUCOWS INC** are All liable for injuring the Plaintiff's reputation and all damages caused by such wrongful act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants  in Paragraph 82 above, issue injunctive relief, including that the Defendants Cease and Desist from the torts of Defamation and Copyright Infringement against the Plaintiff,  issue reparation for intentionally injuring the Plaintiff's reputation, issue reparation for seriously injuring the Plaintiff's business, issue monetary relief in the amount of $4,000,000, or in such greater amount to be proven at trial, pre-judgment interest, and grant such other further relief that the Court deems appropriate.

## THE PLAINTIFF REQUESTS FOR RELIEF

WHEREFORE, Plaintiff Dr. Obadiah Oseko Kegege respectfully requests this Court to enter judgment in his favor and against Defendants and issue an Order:

I. compelling the **GODADDY.COM  LLC** to provide the Court with the correct names, billing and payment information, and address of each of the **Concealed Entities** in **Paragraph 13 and Exhibit 3,** to know their true identity, for the purpose of this complaint;

II.  compelling Defendants **Scott Breitenstein, Josh Jackson,  George Ring,** and Defendants currently Concealed by **GoDaddy.com LLC** to Cease and Desist from the Torts of Defamation and Copyright Infringement against the Plaintiff;

III.  mandating that, upon request by Law Enforcement Agencies, the Defendants **NAMESILO LLC,  GODADDY.COM  LLC,  DYNADOT LLC, and TUCOWS INC** to release the correct names, billing and payment information, and address of each of the Concealed Entities in Exhibit 1 and Exhibit 3;

IV.    awarding damages for the denigration of the Plaintiff's reputation and loss of business, awarding damages for mental anguish, emotional distress and health problems, and humiliation in an amount not less than $ 4,000,000, or in such greater amount to be proven at trial, and pre-judgment interest and costs;

V.    assessing costs and fees incurred in the prosecution of this action; and

VI.    granting such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

83) Plaintiff demands trial by jury on all claims and issues so triable.

Date Amendment Submitted:  December 02, 2024

Respectfully submitted,

Obadiah O. Kegege
P.O. Box  1153
Greenbelt, MD 20768

*Self-Represented*

Case No.: 8:20-CV-01066-TDC

## CERTIFICATE OF SERVICE

I, Obadiah Oseko Kegege HEREBY CERTIFY that on this 2nd day of December, 2024, I electronically filed the foregoing **Amended Complaint** using the CM/ECF system that will send the notifications to all parties below:

**Stevan H. Lieberman**
Greenberg & Lieberman, LLC
1775 I Street, NW, Suite 1150
Washington, D.C. 20006
partners@aplegal.com

*Counsel for Namesilo, LLC*

**John Edward McCann , Jr**
**Brianna Diane Gaddy**
Miles and Stockbridge PC
100 Light St
Baltimore, MD 21602
jmccann@milesstockbridge.com
bgaddy@milesstockbridge.com

*Counsel for Dynadot LLC*

**Stevan H. Lieberman**
Greenberg & Lieberman, LLC
1775 I Street, NW, Suite 1150
Washington, D.C. 20006
partners@aplegal.com

*Counsel for Tucows Inc.*

**Chad Evin Kurtz**
**Jeffrey M. Monhait**
COZEN O'CONNOR
2001 M Street NW, Suite 500
Washington, DC 20036
ckurtz@cozen.com
chad-kurtz-7015@ecf.pacerpro.com,
mchappell@cozen.com

*Counsel for* GoDaddy.com, LLC

Obadiah O. Kegege