IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OBADIAH OSEKO KEGE<br><br>Plaintiff,<br><br>v.<br><br>NAMESILO, LLC et al.,<br><br>Defendants. | CASE NO.: 8:20-CV-01066-TDC<br><br>DEFENDANT NAMESILO, LLC'S AND DEFENDANT TUCOWS INC. JOINT MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS |

**I. Introduction**

Pursuant to the Court's suggestion to efficiently address the issues raised in this Action, the reasoning set forth in the concurrent Motion to Dismiss under Rule 12 filed by GoDaddy LLC (the "GoDaddy Brief"), and in the Motion to Dismiss for Lack of Personal Jurisdiction filed by Dynadot, applies *mutatis mutandis* to the facts alleged in relation to Defendants Tucows and Namesilo, and the Defendants therefore adopt in full the arguments set forth in briefing filed by their fellow Defendants.

**II. Counts (i)-(v)**

The current operative amended Complaint does not appear to actually allege counts denominated therein as (i)-(v) in Paragraphs 1-3 against the registrar defendants. Defendants Tucows and Namesilo agree with and hereby adopt and incorporate the arguments presented in the GoDaddy Brief. That brief asserts that this is precisely the type of action that Section 230 of the Communications Decency Act was designed to address—specifically, the impracticality of holding service providers liable as publishers or speakers with respect to information made accessible through content-neutral technical services.

It seems that the GoDaddy Brief may have addressed counts (i)-(v) out of an abundance of caution due to imprecise drafting in later sections of the operative Complaint, such as

Paragraph 41, which refers to "The Defendants Scott Breitenstein, Josh Jackson, George Ring, and other Defendants currently Concealed by GoDaddy.com LLC..."

Further efficiencies may be achieved by requiring Plaintiff to clarify whether he has, as Tucows and Namesilo believe, intended to drop the registrar defendants categorically from counts (i)-(v) based on the Plaintiff's evolving understanding of CDA Section 230. To the extent that Tucows and Namesilo may be mistaken, the reasoning of the GoDaddy Brief should apply with respect to any claim that stands or falls on speaker liability and is thus barred by CDA Section 230, particularly concerning expired domain names for which Tucows and Namesilo merely provided neutral technical services. This point has been previously raised in this Action by Tucows (Docket #21, "Notice by Tucows Inc Intent to File a Motion") and by Namesilo (Docket #61, Motion to Dismiss by Namesilo).

Furthermore, while Tucows and Namesilo question whether the Plaintiff has actually alleged counts (i)-(v) against the registrar defendants, there are no substantial factual distinctions between the Plaintiff's allegations as they relate to Tucows and Namesilo. As such, nothing justifies a different approach to dismissing these counts than what was proposed in the GoDaddy Brief.

### III. Counts (vi)-(vii)

Defendants Tucows and Namesilo fully concur and agree that the reasoning of the GoDaddy Brief applies to the same counts as applied to Tucows and Namesilo, and hereby adopt and incorporate the relevant sections of the GoDaddy brief.

### IV. Personal Jurisdiction

Defendants Tucows and Namesilo likewise concur and agree with, and adopt the reasoning set forth in the concurrently filed Motion to Dismiss by Dynadot on the basis of personal jurisdiction, which applies to Tucows and Namesilo, subject to specific and non-substantive factual distinctions and matters of geography.

As extensively documented in Plaintiff's recurring attempts to serve various papers in this Action, neither Tucows nor Namesilo are located in or conduct business in the State of Maryland. Aside from the substantive deficiencies in Plaintiff's counts (vi) and (vii), the Plaintiff does not allege any acts (or failure to act in accordance with a duty to act) by Defendants Tucows or Namesilo in the State of Maryland, nor have those acts been intentionally directed from their respective locations of operation toward or into the State of Maryland.

Defendants Tucows and Namesilo further note that in relation to specific jurisdiction, the registrar defendants are engaged in providing domain name registration services, pursuant to the forum selection clauses of their respective service agreements. These services are accessible via the internet (either directly with Namesilo or through authorized service resellers, in the case of Tucows—see Docket #36, Attachment 1, Declaration of Reg Levy). However, the Plaintiff's claims do not arise from the registrar defendants' domain name registration businesses. Thus, even if it were argued that the registrar defendants' services are accessible from within the State of Maryland or transacted with residents of the State of Maryland, the Plaintiff is not asserting that his injury stems from the provision of these domain registration services. The Plaintiff does not allege to have been harmed by the registration of the various domain names, which is the principal service the registrars provide via the internet.

Instead, the Plaintiff's claims—though substantively flawed and liable to dismissal on all counts—appear to assert that the registrar defendants had some duty to respond to informal, extrajudicial demands for confidential customer information made by the Plaintiff prior to the Action. Simply put, the Defendant registrars have no duty to provide such information absent legal process and Plaintiff has identified no contractual, statutory, or common law support for the existence of such a duty. Furthermore, this Court has already ruled on claims premised on the Plaintiff's allegations that Tucows and Namesilo failed to disclose any information requested in the context of appropriate legal process (Docket #40, Order denying motion to compel with respect to Tucows; Docket #50, Namesilo response to Order). Any alleged actions or failures to act forming a basis for Plaintiff's claims did not occur in this judicial district, did not arise from

commercial activities arguably conducted by the Tucows or Namesilo in this judicial district, and were not directed into this judicial district.

## V. Conclusion

For the foregoing reasons, Defendants Tucows Inc. and Namesilo LLC respectfully request that this Court grant their Motion to Dismiss the Plaintiff's Amended Complaint in its entirety.

Dated: January 10, 2025

Respectfully submitted,

/s/ *Stevan H. Lieberman*
Stevan H. Lieberman
Greenberg & Lieberman, LLC
1775 Eye Street NW
Suite 1150
Washington, DC 20006
Tel: 202-625-7000
Fax: 202-625-7001
Stevan@aplegal.com

*Counsel for Defendant Namesilo, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on this January 10, 2025 I did cause the foregoing documents to be filed via the CM/ECF program into the docket of this matter, which filing caused service to be made upon all counsel of record.

/s/ *Stevan H. Lieberman*
Stevan H. Lieberman