**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


| | | |
|---|---|---|
| OBADIAH OSEKO KEGEGE | * | |
| Plaintiff, | * | |
| V. | * | Case No.:  **8:20-CV-01066-TDC** |
| NAMESILO LLC,   et al. | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**PLAINTIFF'S DECLARATIONS AND RESPONSE TO "NAMESILO'S MOTION TO DISMISS"**


**INTRODUCTION**

On Nov 1, 2024, the Parties who had already appeared in this case held the Case Management Conference (ECF No. 67) before Hon. Judge Theodore D. Chuang. Based on the new evidence and documents unmasked by NAMESILO LLC ("NAMESILO"),  DYNADOT LLC ("DYNADOT"),  AND  TUCOWS INC ("TUCOWS"); the Plaintiff requested to amend the Complaint to add new Defendants and drop some Counts against Domain Registrar of Record Defendants, where valid, and in good faith.  The Court Order granting the Plaintiff's Motion to file an Amended Complaint was issued (ECF No. 68).

In the Amended Complaint (ECF No. 71), the Plaintiff  considered several factors and did NOT allege the following Counts against  NAMESILO: (i) False Light Invasion of Privacy, (ii) Defamation Per Se, (iii) Intentional Copyright Infringement for Financial Gain,  (iv) Blackmail and Extortion, and (v) Trolling, Cyber Harassment, and Cyberstalking.

In the Amended Complaint (ECF No. 71), the Plaintiff alleged the Counts "(vi) Conspiracy Against Rights"  and "(vii) Neglect to Prevent" against  NAMESILO.  The Plaintiff has enough evidence to proof these Counts against NAMESILO.

In response to the TUCOWS and NAMESILO Joint Motion to Dismiss (ECF No. 75, ECF No. 75-1), the Plaintiff hereby responds to NAMESILO Motion to Dismiss separately.

**PLAINTIFF'S DECLARATIONS IN RESPONSE TO NAMESILO'S MOTION TO DISMISS**

The Plaintiff Dr. Obadiah Oseko Kegege,   hereby Answers, Responds, and Interposes Affirmative Declarations to the Defendant NAMESILO Motion to Dismiss (ECF No. 75, ECF No. 75-1) as follows:

**Response to the "I Introduction" Section of ECF No. 75-1**

The Plaintiff strongly refutes NAMESILO motion to adopt arguments and assertions contained in the GODADDY.COM LLC ("GODADDY", "GODADDY LLC") Motion to Dismiss under Rule 12, as well as DYNADOT Motion to Dismiss for Lack of Personal Jurisdiction.  The facts in GODADDY's Brief and DYNADOT Motion are not equally true.

The Plaintiff strongly asserts that the facts and evidence presented in the Amended Complaint (ECF No. 71), contains sufficient factual allegations to support plausible claims for relief under the applicable laws, which can be determined by the Court or upon trial.

**Response to the "II Counts (i) – (v)" Section of ECF No. 75-1**

The Plaintiff agrees that the Amended Complaint (ECF No. 71) does not allege Counts (i) – (v) against the Defendant NAMESILO.  On the other hand, the Plaintiff strongly refutes NAMESILO's assertions and citations referring to GODADDY's Brief, and falsely alleging that Plaintiff dropped the Counts (i) – (v) because of Section 230 of the Communications Decency Act.  The Plaintiff strongly refutes the assertions that the Plaintiff's claims are barred by 47 U.S. Code § 230.  Section 230 specifically excepts Federal Criminal Liability (§230(e)(1)), Electronic Privacy Violations (§230(e)(4)) and Intellectual Property Claims (§230(e)(2)).   The Defendant NAMESILO only focused on the narrow part of 47 U.S. Code § 230 (c) (1)

and left out important sections of 230 addressing the issues surrounding this case.  The Plaintiff strongly

asserts that Section 230 does Not provide Absolute Immunity from legal liability, especially when the

Complaint is subject to violation of federal criminal laws against computer-based harassment, stalking,

obscenity, intellectual property / copyright infringement, or Defendants (Registrar of Record) having

actual knowledge that third-party content violates federal criminal law.   Digital Millennium Copyright Act

(DMCA) requires that "a service provider," upon proper notification by the copyright owner of online

material being displayed or transmitted without authorization, to "expeditiously" remove or disable

access to the allegedly infringing content.

**Response to the "III Counts (vi) – (vii)" Section of ECF No. 75-1**

The Plaintiff strongly refutes citations and references to the GODADDY Brief.  The Plaintiff strongly

disagrees with the argument, reasoning, and assertions contained in the GODADDY Brief and

incorporating such defenses to the "Counts (vi) – (vii)"" against NAMESILO.

**Response to the "IV Personal Jurisdiction" Section of ECF No. 75-1**

The Plaintiff strongly refutes NAMESILO argument of Lack of Personal Jurisdiction.  This particular

case is very unique.  Plaintiff strongly believes the District Court of Maryland has Jurisdiction over this case

based on the arguments presented in ECF No. 71.  Also, the **"Diversity Jurisdiction"** exists in this case,

where the Plaintiff and Defendants are citizens of different states/countries.   Article III of the U.S.

Constitution grants Federal Courts the power to hear cases between citizens of different states.

**Response to the "Conclusion" Section of ECF No. 75-1**

The Plaintiff does NOT support dismissing this case in its entity against NAMESILO for the baseless

reasons presented in the Motion to Dismiss (ECF No. 75-1).

The plaintiff has considered to dismiss the case against NAMESILO based on the following reasons:

- NAMESILO took responsibility as the Domain Registrar of Record, complied with the Court Order and produced documents (ECF No. 51, ECF No. 51-1, ECF No. 51-2).  Plaintiff believes that these records may have exposed cartels / networks of extortion schemes, defamation industry, and entities of interest to enable in this case to proceed and for justice to prevail.

- The Plaintiff considered the DMCA Takedown Notices issued to the Defendant and the actions taken by NAMESILO versus 47 U.S. Code § 230(c)(2)(A).

**Plaintiff's Conclusion**

The Plaintiff alleged "Counts (vi) – (vii)"" against NAMESILO.  The Plaintiff has considered to dismiss the case against NAMESILO, based on the factors above, and only if NAMESILO supports the Plaintiff's proposed Order to Dismiss.  The documents filed in Court (ECF No. 71-3) confirm recent attacks, currently concealed by GODADDY, clearly showing that the issue at hand has not been solved.  The Plaintiff believes that this case is an active war of cyber terrorism, whereby Defendants have opened new internet domains and launched new attacks to evade the traditional service of process.  Plaintiff totally refutes NAMESILO pleadings/defenses that incorporated references to GODADDY brief.  The Plaintiff beliefs that GODADDY arguments are totally baseless and that GODADDY has defied the Subpoena to produce documents.

Attached hereunto is the proposed Order to Dismiss NAMESILO.

Dated: February 7, 2025

Respectfully submitted,

Obadiah-K.
_____
P.O. Box  1153
Greenbelt, MD 20768

Case No.: 8:20-CV-01066-TDC

## CERTIFICATE OF SERVICE

I, Obadiah Oseko Kegege HEREBY CERTIFY that on this 7th day of February, 2025, I electronically filed the foregoing **PLAINTIFF'S DECLARATIONS AND RESPONSE TO NAMESILO'S MOTION TO DISMISS** using the CM/ECF No. system that will send the notifications to all parties below:

| | |
|---|---|
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Namesilo, LLC* | **John Edward McCann , Jr**<br>**Brianna Diane Gaddy**<br>Miles and Stockbridge PC<br>100 Light St<br>Baltimore, MD 21202<br>jmccann@milesstockbridge.com<br>bgaddy@milesstockbridge.com<br><br>*Counsel for DYNADOT LLC* |
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Tucows Inc.* | **Chad Evin Kurtz**<br>**Jeffrey M. Monhait**<br>COZEN O'CONNOR<br>2001 M Street NW, Suite 500<br>Washington, DC 20036<br>ckurtz@cozen.com<br>chad-kurtz-7015@ecf.pacerpro.com,<br>mchappell@cozen.com<br><br>*Counsel for GoDaddy.com, LLC* |
| | |

_____

Obadiah O. Kegege

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

OBADIAH OSEKO KEGEGE                        *

      Plaintiff,                              *

    **V.**

                              *      **Case No.:  8:20-CV-01066-TDC**

NAMESILO LLC,   et al.

                              *

      Defendants.

*    *    *    *    *    *    *    *    *    *    *    *

**[Proposed]**

**ORDER DISMISSING DEFENDANT NAMESILO, INC**

The Plaintiff hereby alleges that the issue at hand has not been solved, and that this case is an active war of cyber terrorism whereby Defendants have opened new internet domains and launched new attacks to evade serve of process.  However, the Plaintiff has agreed to dismiss the case against NAMESILO  LLC ("NAMESILO") based on the following reasons:

1.  NAMESILO took responsibility as the Domain Registrar of Record, complied with the Court Order and produced documents (ECF No. 51, ECF No. 51-1, ECF No. 51-2).

2.  The Plaintiff considered the DMCA Takedown Notices issued to NAMESILO and its actions versus 47 U.S. Code § 230(c)(2)(A).

Upon consideration of both the Defendant's Motion to Dismiss, the Plaintiff's Response to the Motion to Dismiss, and unsolved issues in the case, it is hereby ORDERED that:

1.  If any of NAMESILO's Concealed Domain Registrant engages in any "New Torts or Retaliatory Torts" against the Plaintiff, NAMESILO shall provide the Plaintiff, upon request,  with "Full (TRUE) Names, Billing Address, Physical Address, email address, and phone number belonging to such Concealed Entity/Entities."

2.  Accordingly, the claims asserted against NAMESILO in this case are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: _____, ___, 2025                        _____

                                        Hon. Theodore D. Chuang
                                        United States District Judge