IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OBADIAH OSEKO KEGEGE | * | |
| Plaintiff, | * | |
| V. | * | Case No.:  **8:20-CV-01066-TDC** |
| DYNADOT LLC,  et al. | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S DECLARATIONS AND RESPONSE TO "DYNADOT'S MOTION TO DISMISS"**

**INTRODUCTION**

On Nov 1, 2024, the Parties who had already appeared in this case held the Case Management Conference (ECF No. 67) before Hon. Judge Theodore D. Chuang. Based on the new evidence and documents unmasked by NAMESILO LLC ("NAMESILO"), DYNADOT LLC ("DYNADOT"), AND TUCOWS INC ("TUCOWS"); the Plaintiff requested to amend the Complaint to add new Defendants and drop some Counts against Domain Registrar of Record Defendants, where valid, and in good faith. The Court Order granting the Plaintiff's Motion to file an Amended Complaint was issued (ECF No. 68).

In the Amended Complaint (ECF No. 71), the Plaintiff alleged the Counts "(vi) Conspiracy Against Rights" and "(vii) Neglect to Prevent" against DYNADOT. The Plaintiff has enough evidence to proof these Counts against DYNADOT.

The Plaintiff Dr. Obadiah Oseko Kegege, hereby Answers, Responds, and Interposes Affirmative Declarations to the Defendant DYNADOT's Motion to Dismiss (ECF No. 77, ECF No. 77-1, ECF No. 77-2), as follows:

**Response to "Failure to State a Claim pursuant to FRCP 12(b)(6)"**

The Plaintiff strongly refutes DYNADOT's claim that the "Plaintiff failed to state a claim upon relief can be granted pursuant to Rule 12(b)(6)." And that DYNADOT is "statutorily immune to any such liability under the Communications Decency Act, 47 U.S.C. § 230." The Plaintiff strongly asserts that the facts and evidence presented in the Amended Complaint (ECF No. 71), contains sufficient factual allegations to support plausible claims for relief under the applicable laws, which can be determined by the Court or upon trial.

The Plaintiff strongly asserts that the claims against DYNADOT are NOT barred by 47 U.S. Code § 230. Section 230 specifically excepts Federal Criminal Liability (§230(e)(1)), Electronic Privacy Violations (§230(e)(4)) and Intellectual Property Claims (§230(e)(2)). The Defendant DYNADOT only focused on the narrow part of 47 U.S. Code § 230 (c) (1) and left out important sections of 230 addressing the issues surrounding this case. The Plaintiff strongly asserts that Section 230 does NOT provide Absolute Immunity from legal liability, especially when the Complaint is subject to violation of federal criminal laws against computer-based harassment, stalking, obscenity, intellectual property / copyright infringement, or Defendants (Registrar of Record) having actual knowledge that third-party content violates federal criminal law. Digital Millennium Copyright Act (DMCA) requires that "a service provider," upon proper notification by the copyright owner of online material being displayed or transmitted without authorization, to "expeditiously" remove or disable access to the allegedly infringing content.

The Plaintiff strongly refutes all the citations and references to the Defendant GODADDY.COM LLC,'s ("GODADDY's") Motion to Dismiss. The Plaintiff strongly disagrees with the baseless arguments, reasoning, and assertions contained in the GODADDY Motion and incorporating such defenses to the Counts against DYNADOT. The Plaintiff beliefs that GODADDY arguments are totally baseless, concealing the truth, and that GODADDY has defied the Subpoena to produce documents.

**Response to "Lack of Personal Jurisdiction"**

The Plaintiff strongly refutes DYNADOT's argument of Lack of Personal Jurisdiction. This particular case is very unique. Plaintiff strongly believes the District Court of Maryland has Jurisdiction over this case based on the arguments presented in ECF No. 71. Also, the **"Diversity Jurisdiction"** exists in this case, where the Plaintiff and Defendants are citizens of different states/countries. DYNADOT 's response did not address Diversity Jurisdiction. Article III of the U.S. Constitution grants Federal Courts the power to hear cases between citizens of different states.

**Plaintiff's Conclusion**

The Plaintiff does NOT support dismissing this case in its entity against DYNADOT for the baseless reasons presented in the Motion to Dismiss (ECF No. 77, ECF No. 77-1, ECF No. 77-2). However, the Plaintiff has considered to dismiss the case against DYNADOT based on the following reasons:

- DYNADOT took responsibility as the Domain Registrar of Record, complied with the Court Order to produce documents (ECF No. 52, ECF No. 52-1, ECF No. 52-2). Plaintiff believes that these records may have exposed cartels / networks of extortion schemes, defamation industry, and entities of interest to enable in this case to proceed and for justice to prevail.
- The Plaintiff considered the DMCA Takedown Notices issued to the Defendant and the actions taken by DYNADOT versus 47 U.S. Code § 230(c)(2)(A).

The documents filed in Court (ECF No. 71-3) confirm recent attacks, currently concealed by GODADDY, clearly showing that the issue at hand has not been solved. The Plaintiff believes that this case is an active war of cyber terrorism, whereby Defendants have opened new internet domains and launched new attacks to evade the traditional service of process. Plaintiff totally refutes DYNADOT's assertions that

incorporated references to GODADDY Motion to Dismiss.   The Plaintiff beliefs that GODADDY arguments are totally baseless and that GODADDY has defied the Subpoena to produce documents.

The Plaintiff has considered to dismiss the case against DYNADOT, based on the "DYNADOT" Good Faith factors above, and only if DYNADOT supports the Plaintiff's proposed Order to Dismiss. Otherwise, the Plaintiff would choose to proceed to trial.

Attached hereunto is the proposed Order to Dismiss DYNADOT.


Dated: February 7, 2025

                                        Respectfully submitted,

                                        *Obadiah-K.*

                                        _____
                                        P.O. Box  1153
                                        Greenbelt, MD 20768

Case No.: 8:20-CV-01066-TDC

## CERTIFICATE OF SERVICE

I, Obadiah Oseko Kegege HEREBY CERTIFY that on this 7th day of February, 2025, I electronically filed the foregoing **PLAINTIFF'S DECLARATIONS AND RESPONSE TO "DYNADOT'S MOTION TO DISMISS"** using the CM/ECF No. system that will send the notifications to all parties below:

| | |
|---|---|
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Namesilo, LLC* | **John Edward McCann , Jr**<br>**Brianna Diane Gaddy**<br>Miles and Stockbridge PC<br>100 Light St<br>Baltimore, MD 21202<br>jmccann@milesstockbridge.com<br>bgaddy@milesstockbridge.com<br><br>*Counsel for DYNADOT LLC* |
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Tucows Inc.* | **Chad Evin Kurtz**<br>**Jeffrey M. Monhait**<br>COZEN O'CONNOR<br>2001 M Street NW, Suite 500<br>Washington, DC 20036<br>ckurtz@cozen.com<br>chad-kurtz-7015@ecf.pacerpro.com,<br>mchappell@cozen.com<br><br>*Counsel for GoDaddy.com, LLC* |

_____
      Obadiah O. Kegege

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| OBADIAH OSEKO KEGEGE | * | |
| Plaintiff, | * | |
| V. | | |
| | * | Case No.: **8:20-CV-01066-TDC** |
| DYNADOT LLC, et al. | | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**[Proposed]**

**ORDER DISMISSING DEFENDANT DYNADOT, LLC**

The Plaintiff hereby alleges that the issue at hand has not been solved, and that this case is an active war of cyber terrorism whereby Defendants have opened new internet domains and launched new attacks to evade serve of process. However, the Plaintiff has agreed to dismiss the case against DYNADOT LLC ("DYNADOT") based on the following reasons:

1. DYNADOT took responsibility as the Domain Registrar of Record, complied with the Court Order to produce documents (ECF No. 52, ECF No. 52-1, ECF No. 52-2).

2. The Plaintiff considered the DMCA Takedown Notices issued to the Defendant and the actions taken by DYNADOT versus 47 U.S. Code § 230(c)(2)(A).

Upon consideration of both the Defendant's Motion to Dismiss, Plaintiff's Response to the Motion to Dismiss, and unsolved issues in the case, it is hereby ORDERED that:

1. If any of DYNADOT's Concealed Domain Registrant engages in any "New Torts or Retaliatory Torts" against the Plaintiff, DYNADOT shall provide the Plaintiff, upon request, with "Full (TRUE) Names, Billing Address, Physical Address, email address, and phone number belonging to such Concealed Entity/Entities."

2. Accordingly, the claims asserted against DYNADOT in this case are hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: _____, ___, 2025            _____

Hon. Theodore D. Chuang
United States District Judge