**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| OBADIAH OSEKO KEGEGE | * |
| Plaintiff, | * |
| V. | *   Case No.: **8:20-CV-01066-TDC** |
| GODADDY.COM LLC, et al. | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>PLAINTIFF'S DECLARATIONS AND RESPONSE TO "GODADDY'S MOTION TO DISMISS"</u>**

**INTRODUCTION**

The Plaintiff has repeatedly requested GODADDY.COM LLC ("GODADDY", "GODADDY LLC") to honor the Court Subpoena to produce documents, but GODADDY ignored the subpoena (see Exhibit 1). GODADDY is the only Domain Registrar of Record that ignored the Court Subpoena. The Plaintiff strongly asserts that GODADDY's Concealed Entities must be known for this case to proceed.

On Nov 1, 2024, the Parties who had already appeared in this case held the Case Management Conference (ECF No. 67) before Hon. Judge Theodore D. Chuang. Based on the new evidence and documents unmasked by NAMESILO LLC ("NAMESILO"), DYNADOT LLC ("DYNADOT"), AND TUCOWS INC ("TUCOWS"); the Plaintiff requested to amend the Complaint to add new Defendants and drop some Counts against Domain Registrar of Record Defendants, where valid, and in good faith. The Court Order granting the Plaintiff's Motion to file an Amended Complaint was issued (ECF No. 68).

In the Amended Complaint (ECF No. 71), the Plaintiff considered several factors and did NOT allege the following Counts against GODADDY: (i) False Light Invasion of Privacy, (ii) Defamation Per Se,

(iii) Intentional Copyright Infringement for Financial Gain, (iv) Blackmail and Extortion, and (v) Trolling, Cyber Harassment, and Cyberstalking.

In the Amended Complaint (ECF No. 71), the Plaintiff alleged two Counts against GODADDY: "(vi) Conspiracy Against Rights" and "(vii) Neglect to Prevent."  The Plaintiff has enough evidence to proof these Counts against GODADDY.  Plaintiff believes that there is conspiracy between GODADDY and its Concealed Entities, as evidenced by GODADDY fighting against the Court Subpoena to produce documents. The Plaintiff believes these Concealed Entities are Cyber Terrorists.

The Defendant GODADDY has filed a Motion to Dismiss (ECF No. 76) Pursuant to Federal Rule of Civil Procedure 12(b)(6);  together with attachments ECF No. 76-1 and  ECF No. 76-2.

The Plaintiff Dr. Obadiah Oseko Kegege, hereby Answers, Responds, and Interposes Affirmative Declarations to the Defendant GODADDY Motion to Dismiss (ECF No. 76, ECF No. 76-1, ECF No. 76-2) as follows:

**PLAINTIFF'S RESPONSE AND  DECLARATIONS**

**Response to "References and Citations of Cases Contained in  ECF No. 76-1,  pages ii – iv.**

The Defendant GODADDY has cited Case References, listed in the Table of Contents (ECF No. 76-1), pages ii – iv. The Plaintiff has researched these cases, and beliefs that the aforementioned cases were decided based on facts and enough evident to reach conclusions.  The Plaintiff strongly refutes GODADDY references to these cases.  In the case before this Court, GODADDY has concealed the facts and ignored the Court Subpoena to produce documents.  The Plaintiff, believes that facts in the Counts alleged against GODADDY are not equally true to the cases referenced in GODADDY's Motion to Dismiss.

**Response to "I. INTRODUCTION" section of ECF No. 76-1**

The Plaintiff strongly refutes the three GODADDY claims below that are false / misleading:

- " Plaintiff's claims fail because Plaintiff improperly lumped the defendants together in violation of Rule 8 of the Federal Rules of Civil Procedure."

- " Section 230 of the Communications Decency Act ("CDA") bars most of Plaintiff's claims and requests for relief as against GODADDY."

- "Plaintiff failed to state a claim for relief against GODADDY. For all of these reasons, Plaintiff's SAC must be dismissed with prejudice as against GODADDY."

Plaintiff did not allege Counts i-v against GODADDY.  The statement that "Based on that single allegation, Plaintiff lumped in GODADDY as a defendant with respect to each of the seven causes of action Plaintiff asserted against the defendants" is false and misleading.  Attorneys for Defendant GODADDY (CHAD E. KURTZ and JEFFREY M. MONHAIT) should carefully read the Amended Complaint (ECF No. 71) and respond appropriately.

The Plaintiff strongly asserts that the facts and evidence presented in the Amended Complaint (ECF No. 71), contains sufficient factual allegations to support plausible claims for relief under the applicable laws, which can be determined by the Court or upon trial.

**Response to "II. BACKGROUND" Section of ECF No. 76-1**

The Plaintiff agrees with the analogy that GODADDY is a Domain Name Registrar and that "registrants may properly conceal their identity through a domain privacy service".  The responsibilities of the Domain Registrar were clearly declared through ECF No. 51-1.  The Plaintiff believes that GODADDY is an ICANN licensed registrar, verifies that the registrant data is correct, and can provide that data upon subpoenaed by the Court.

Again, the Plaintiff totally refutes the statement that "Plaintiff asserted seven claims against GODADDY". The Plaintiff asserted two Counts against GODADDY.

### Response to "III LEGAL STANDARD " Section of ECF No. 76-1

The Plaintiff refutes GODADDY claim that "Plaintiff failed to state a plausible claim for relief against GODADDY." The Plaintiff strongly asserts that the Complaint (ECF No. 71) contains sufficient factual allegations to support plausible claims for relief under the applicable laws, which can be determined by the Court or upon trial. The three Domain Registrars of Record NAMESILO LLC, DYNADOT LLC, and TUCOWS INC complied with the Court Subpoena and produced documents.

Further, the Plaintiff refutes all GODADDY pleadings in this section (ECF No. 76-1, III LEGAL STANDARD), treats them as moot until GODADDY provides the subpoenaed documents (all documents in attached Proposed Subpoena) to understand the relationship with the Entities that GODADDY is concealing.

### Response to "IV. ARGUMENT" Section of ECF No. 76-1

**Plaintiff's Response to Section "A. Plaintiff Violated Fed. R. Civ. P. 8 By Lumping the Defendants Together."**

The Plaintiff refutes GODADDY's argument that the "Plaintiff Violated Fed. R. Civ. P. 8 By Lumping the Defendants Together." The Plaintiff asserts that this argument is a distraction from GODADDY to get the case dismissed instead on getting to the truth, facts in this case, and unmasking its Concealed Entities. The Plaintiff asserts that the Counts alleged against GODADDY are clearly distinguished from the counts alleged against other Defendants and Concealed Entities.

Federal courts, have allowed multiple Defendants to be sued together in the same case if there is at least one question of law or fact common to all Defendants (Fed. R. Civ. P. 20(a)(2)). This case is very unique and the parties share interconnections in the underlying facts or legal issue. GODADDY

served/continues to serve as the Domain Register of Record for the Concealed Entities who may be Terrorists. GODADDY has/had defied the subpoena to produce documents, concealing criminals. There is no way the Court can serve these Concealed Entities unless GODADDY obeys the law to unmask its Concealed Entities. The Plaintiff strongly asserts that Rule 20(a)(2) permits GODADDY to be sued together with the Concealed Entities.

The first Amended Complaint (ECF No. 19) alleged all Counts against all the Defendants because there was no information to determine who were the real publishers of the defamatory content and who were the terrorists demanding ransom. After NAMESILO, DYNADOT, and TUCOWS unmasked their Concealed Entities, the Plaintiff revised the Complaint (ECF No. 71). The Plaintiff asserts that the allegations in the Amended Complaint (ECF No. 71) are very simple, concise, and direct (also, each paragraph is numbered) for a reasonable person to understand. The Amended Complaint distinguished Counts alleged for each Defendant. Other Domain Registrar Defendants responded only to the allegations pertaining to the Counts alleged against them. The Plaintiff hereby advises GODADDY (or attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT) to carefully read the Amended Complaint (ECF No. 71) and respond to each paragraph appropriately. The Plaintiff refutes all GODADDY arguments supporting or asserting that the "Plaintiff Violated Fed. R. Civ. P. 8 By Lumping the Defendants Together".

### Plaintiff Response to section "B. The CDA Bars Plaintiff's Claims Against GoDaddy"

The Plaintiff agrees that GODADDY is an interactive computer service provider, a Domain Registrar of Record for the Concealed Entities.

The Plaintiff refutes all GODADDY arguments supporting or asserting that "The CDA Bars Plaintiff's Claims Against GODADDY." The Plaintiff strongly asserts that the claims against GODADDY are NOT barred by 47 U.S. Code § 230. Section 230 specifically excepts Federal Criminal Liability (§230(e)(1)), Electronic Privacy Violations (§230(e)(4)) and Intellectual Property Claims (§230(e)(2)). The

Defendant GODADDY only focused on the narrow part of 47 U.S. Code § 230 (c) (1) and left out important sections of 230 addressing the issues surrounding this case.  The Plaintiff strongly asserts that Section 230 does NOT provide Absolute Immunity from legal liability, especially when the Complaint is subject to violation of federal criminal laws against computer-based harassment, stalking, obscenity, intellectual property / copyright infringement, or Defendants (Registrar of Record) having actual knowledge that third-party content violates federal criminal law.   Digital Millennium Copyright Act (DMCA) requires that "a service provider," upon proper notification by the copyright owner of online material being displayed or transmitted without authorization, to "expeditiously" remove or disable access to the allegedly infringing content.

The Plaintiff refutes the statement that "Plaintiff plainly seeks to treat GODADDY as the speaker or publisher of the content on the Websites by seeking injunctive relief against GODADDY . . "   GODADDY is the only Domain Registrar of Record that ignored the Court Subpoena, and continues to conceal Entities who may be cyber terrorists.  GODADDY has not shown any Good Faith actions applicable in Section 230(c)(2)(A).   The Plaintiff believes that is conspiracy between GODADDY and the network of cartels engaged in Torts against the Plaintiff.  The Plaintiff refutes all GODADDY's claims and defenses pertaining to CDA.

**Plaintiff's Response to Section "C. Plaintiff Failed To State A Claim For Relief Against GODADDY"**

False Light Invasion of Privacy (Count I):   In the Amended Complaint (ECF No. 71), the Plaintiff did NOT allege "Count I" against GODADDY.  The Defendant GODADDY's response lacks substance of the allegation and violates Fed. R. Civ. P. 8 (b) (2).  The Plaintiff hereby advises GODADDY attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT to read the Amended Complaint (ECF No. 71) word by word and respond appropriately.

Defamation Per Se (Count II):  In the Amended Complaint (ECF No. 71), the Plaintiff did NOT allege "Count II" against GODADDY.  The Defendant GODADDY's response lacks substance of the allegation and violates Fed. R. Civ. P. 8 (b) (2).  The Plaintiff hereby advises GODADDY attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT to read the Amended Complaint (ECF No. 71) word by word and respond appropriately.

Copyright Infringement for Financial Gain (Count III):  In the Amended Complaint (ECF No. 71), the Plaintiff did NOT allege "Count III" against GODADDY.  The Defendant GODADDY's response lacks substance of the allegation and violates Fed. R. Civ. P. 8 (b) (2).  The Plaintiff hereby advises GODADDY attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT to read the Amended Complaint (ECF No. 71) word by word and respond appropriately.  The Plaintiff strongly refutes GODADDY claim that "the Amended Complaint (ECF No. 71) "does not contain any claim for indirect infringement, but even if Plaintiff attempted to assert such a claim, it would fail as a matter of law."  This statement is false and very misleading.  The rules of copyright ownership for Personal Images (picture) are simple.  The creators owns the copyright to an image the moment they create it.  The image doesn't have to be printed or registered with the U.S. Copyright Office to obtain copyright protection.  The Plaintiff strongly asserts that GODADDY cannot be the decider of copyright ownership of a person's image, created by that person.  The Plaintiff refutes all GODADDY's claims and defenses pertaining to Copyright Infringement for Financial Gain (Count III) against  the Concealed Entities.  If GODADDY chooses to defend its Concealed Entities, GODADDY should unmask its Concealed Entities and then attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT enter an appearance on behalf of the unmasked Concealed Entities.

Blackmail and Extortion (Count IV):  In the Amended Complaint (ECF No. 71), the Plaintiff did NOT allege "Count I" against GODADDY.  The Defendant GODADDY's response lacks substance of the allegation and violates Fed. R. Civ. P. 8 (b) (2).  The Plaintiff hereby advises GODADDY attorneys CHAD E. KURTZ and

JEFFREY M. MONHAIT to read the Amended Complaint (ECF No. 71) word by word and respond appropriately.

Trolling, Cyber Harassment, and Cyberstalking (Count V): In the Amended Complaint (ECF No. 71), the Plaintiff did NOT allege "Count I" against GODADDY.  The Defendant GODADDY's response lacks substance of the allegation and violates Fed. R. Civ. P. 8 (b) (2).  The Plaintiff hereby advises GODADDY attorneys CHAD E. KURTZ and JEFFREY M. MONHAIT to read the Amended Complaint (ECF No. 71) word by word and respond appropriately.

Conspiracy Against Rights (Count VI):    The Plaintiff asserts that GODADDY was informed about the torts being committed by their Domain Registrants and Subpoenaed to unmask the Concealed Entities but ignored the subpoena to produce documents.      The Plaintiff believes that GODADDY may have conspired with the Concealed Entities to continue protecting them for financial gain (18 U.S.C. § 241) while knowing that those Concealed Entities were committing defamation, extortion, and schemes to defraud among other torts.  The Plaintiff may consider to drop the "Conspiracy Against Rights (Count VI)" against GODADDY if they fully comply with the Subpoena to produce documents.  Because Plaintiff failed to allege any such motivation by GODADDY   Alternatively, the Plaintiff requests this Honorable Court to refer this Count for investigation and Criminal charges.

Neglect to Prevent (Count VII):  The Plaintiff refutes GODADDY's defense that the CDA  bars the Plaintiff's from alleging Neglect to Prevent (Count VII) against GODADDY.  The Plaintiff beliefs that GODADDY had/has knowledge of the Torts committed by its Concealed Entities, neglects to act, and may have conspired with the Concealed Entities to continue protecting them for financial gain.  The Plaintiff refutes all GODADDY's defenses and pleadings pertaining to 42 U.S.C. § 1986.

**Plaintiff's Conclusion**

The Plaintiff cannot assume that the Entities unmasked by Defendants NAMESILO, DYNADOT, and TUCOWS are the same Entities concealed by GODADDY.  GODADDY has the responsibility to unmask its concealed Entities for this case to proceed.  GODADDY is the only Domain Registrar of Record that ignored the Court Subpoena to produce records.  The Plaintiff alleges that that this case is an active war of cyber terrorism and extortion.  The documents filed in Court (ECF No. 71-3, Table 1 below) confirm recent attacks, currently concealed by GODADDY.   The Plaintiff believes that GODADDY may have provided a safe harbor by defying the subpoena to produce documents, and for the Concealed Entities to evade the traditional service of process.

Table 1 below shows the Concealed Entities registered by GODADDY and Wild West Domains, LLC, (a subsidiary of GODADDY).

**Table 1 – GODADDY Concealed Registrants (Refer to ECF No. 71-3)**

| DEFENDANT / REGISTRANT (OWNER) – Previously concealed | DEFAMATORY WEBSITE | REGISTRAR |
|---|---|---|
| Concealed Entity | CHEATEREXPOSE.COM | Wild West Domains, LLC, (a subsidiary of/owned by GoDaddy.com LLC) |
| Concealed Entity | EXPOSECHEATER.COM | GoDaddy.com LLC |
| Concealed Entity | CHEATERBOARD.COM | GoDaddy.com LLC |
| Concealed Entity | badbizreport.com | GoDaddy.com LLC |
| Concealed Entity | filthyliar.com | GoDaddy.com LLC |
| Concealed Entity | officialjohns.com | GoDaddy.com LLC |
| Concealed Entity | turdzone.com | GoDaddy.com LLC |
| Concealed Entity | verifyjohns.com | GoDaddy.com LLC |

The Plaintiff has attempted in good faith to obtain discovery materials from GODADDY without success (Exhibit 1).

The Plaintiff strongly asserts that GODADDY's motion to Dismiss should NOT be granted, and that this Honorable Court to compel GODADDY to produce documents for all its Concealed Entities in Table 1 above or enforce sanctions under FRCP 37(c)(1).

Attached hereunto is the proposed "Subpoena to Produce Documents and Information in a Civil Action" directed to GODADDY.

Dated: February 7, 2025

                                            Respectfully submitted,

                                            *Obadiah-K.*
                                            _____
                                            P.O. Box  1153
                                            Greenbelt, MD 20768

Case No.: 8:20-CV-01066-TDC

## CERTIFICATE OF SERVICE

I, Obadiah Oseko Kegege HEREBY CERTIFY that on this 7th day of February, 2025, I electronically filed the foregoing PLAINTIFF'S DECLARATIONS AND RESPONSE TO GODADDY'S MOTION TO DISMISS using the CM/ECF No. system that will send the notifications to all parties below:

| | |
|---|---|
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Namesilo, LLC* | **John Edward McCann , Jr**<br>**Brianna Diane Gaddy**<br>Miles and Stockbridge PC<br>100 Light St<br>Baltimore, MD 21202<br>jmccann@milesstockbridge.com<br>bgaddy@milesstockbridge.com<br><br>*Counsel for DYNADOT LLC* |
| **Stevan H. Lieberman**<br>Greenberg & Lieberman, LLC<br>1775 I Street, NW, Suite 1150<br>Washington, D.C. 20006<br>partners@aplegal.com<br><br>*Counsel for Tucows Inc.* | **Chad Evin Kurtz**<br>**Jeffrey M. Monhait**<br>COZEN O'CONNOR<br>2001 M Street NW, Suite 500<br>Washington, DC 20036<br>ckurtz@cozen.com<br>chad-kurtz-7015@ecf.pacerpro.com,<br>mchappell@cozen.com<br><br>*Counsel for* GoDaddy.com, LLC |

_____
      Obadiah O. Kegege

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE        *

    Plaintiff,        *

  V.        Case No.: __8:20-CV-01066__

GODADDY.COM LLC, et al.,        *

    Defendants        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## [Proposed]
## SUBPOENA TO PRODUCE DOCUMENTS AND INFORMATION IN A CIVIL ACTION

**To:**    **GODADDY.COM LLC**
ATT: Chad Evin Kurtz and Jeffrey M. Monhait  (Counsel(s) of Record)
2001 M Street NW, Suite 500, Washington, DC 20036

**YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, and to permit inspection and copying:**

Provide Full (TRUE) Names, Billing Address, Physical Address, email address, and phone number for each of the Concealed Entity below, who you serve/served as their Domain Registrar of Record:

**CHEATEREXPOSE.COM, EXPOSECHEATER.COM, CHEATERBOARD.COM, BADBIZREPORT.COM, FILTHYLIAR.COM, OFFICIALJOHNS.COM, TURDZONE.COM, VERIFYJOHNS.COM**

| Place: | Date and Time: |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND | |

Date: _____

    *CLERK OF COURT*

_____  OR  _____
    *Signature of Clerk*                             *Deputy Clerk Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing (name of party), who issues or requests this subpoena, are:   Obadiah O. Kegege, P.O. Box 1153, Greenbelt, MD 20768,