IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **Obadiah Oseko Kegege,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Civil Case No.: 8:20-cv-01066-TDC |
| **Namesilo, LLC,** *et al.,* | ) ) ) |
| **Defendant.** | ) ) ) |

**DYNADOT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Defendant Dynadot Inc. (formerly known as and sued herein as Dynadot LLC) ("Dynadot") hereby submits this Reply in support of its Motion to Dismiss the Plaintiff's Third Amended Complaint (ECF No. 77) and, in support thereof states as follows:

1. Plaintiff's Opposition to Dynadot's Motion to Dismiss (ECF No. 84) fails to substantively address the grounds for and authorities supporting Dynadot's Motion.

2. Only two of Plaintiff's claims are asserted against Dynadot: (1) Conspiracy against Rights under 18 U.S.C. § 241 (Count VI) and (2) Neglect to Prevent under 42 U.S.C. § 1986 (Count VII). (*3rd Am. Compl.*, ¶¶ 66-81).

3. For the reasons set forth in Dynadot's Motion to Dismiss – which incorporates by reference GoDaddy.com LLC's ("GoDaddy's") Motion to Dismiss – Plaintiff's claims against Dynadot fail to state a claim upon which can be granted because: (a) Dynadot is statutorily immune to any such liability under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA") and (b) Dynadot's alleged conduct is not actionable under either of the two federal statutes that Plaintiff invokes in Counts VI and VII.

1

4. As explained more fully in GoDaddy's Reply in support of its Motion to Dismiss (ECF No. 87) (which is incorporated herein by reference), Plaintiff's Opposition fails to present any argument demonstrating the legal viability of his two claims against Dynadot. Plaintiff's arguments not only fail to address, much less overcome Dynadot's statutory immunity under the CDA, but ignores that he has no private right of action for Conspiracy against Rights and fails to identify an underlying civil rights claim to support his claim of Neglect to Prevent.

5. Similarly, Plaintiff's Opposition fails to substantively address Dynadot's alternative motion to dismiss for lack of personal jurisdiction. Rather, Plaintiff "strongly refutes" Dynadot's jurisdictional arguments because "this case is very unique." (ECF No. 84 at 3). But, Plaintiff never explains how the purported uniqueness of this case supports the exercise of personal jurisdiction over Dynadot and never provides any legal or factual basis for doing so.

6. Finally, Dynadot does not fully understand Plaintiff's offer to consent to Dynadot's dismissal from this case in return for Dynadot's consent to Plaintiff's proposed Order of Dismiss (ECF No. 84 at 3-6). Dynadot does ***not*** consent to Plaintiff's proposed Order. Rather, Dynadot respectfully requests that this Court enter its proposed Order dismissing Dynadot from this case.

## CONCLUSION

**WHEREFORE,** Defendant Dynadot respectfully requests that this Court dismiss Dynadot and all claims asserted against it from this case.

120024\000001\4932-7715-1263.v2

February 24, 2025                                  Respectfully submitted,


                                              */s/ John E. McCann, Jr.*
John E. McCann, Jr. (Fed. Bar No. 10028)
e-mail: jmccann@milestockbridge.com
**MILES & STOCKBRIDGE P.C.**
100 Light Street
Baltimore, Maryland 21202
Telephone:     (410) 727-6464
Facsimile:      (410) 385-3700

*Counsel for Defendant, Dynadot, Inc.*

3

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 24th day of February, 2025, a copy of the foregoing has been served upon all counsel of record via the Court's ECF system and via U.S. mail postage pre-paid and via electronic mail to the Plaintiff as follows:

>Obadiah Oseko Kegege
>P.O. Box 1153
>Greenbelt, MD 20768
>Email: obadiah_ke@hotmail.com

>*/s/ John E. McCann, Jr.*
>John E. McCann, Jr. (Fed. Bar No. 10028)