UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE,

    Plaintiff,

v.

SCOTT BREITENSTEIN,
JOSH JACKSON, GEORGE RING,
NAMESILO LLC, GODADDY.COM LLC,
DYNADOT LLC and TUCOWS, INC.,

    Defendants.

Civil Action No. 20-1066-TDC

**MEMORANDUM OPINION**

    Plaintiff Obadiah Oseko Kegege has filed a civil action against three individuals associated with certain websites ("the Individual Defendants") that published allegedly defamatory information about him, as well as four internet domain registrar companies ("the Domain Registrar Defendants") consisting of NameSilo LLC ("NameSilo"), GoDaddy LLC ("GoDaddy"), Dynadot LLC ("Dynadot"), and Tucows, Inc. ("Tucows"). The Domain Registrar Defendants have each filed Motions to Dismiss, which are fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be GRANTED.

**BACKGROUND**

    In the presently operative Second Amended Complaint, Kegege alleges that multiple websites, including several operated by the Individual Defendants (collectively, "the Websites"), have published defamatory information about him that has caused serious harm to his reputation and health. Kegege further alleges that the Individual Defendants and the Websites extorted him

by seeking to have him "pay ransom with consequences of heavy penalties if deadlines were not adhered to," Second Am. Compl. ¶ 1, ECF No. 71, and then directing him to contact an "arbitration law firm" or a "reputation management company" to pay to have the posts removed, *id.* ¶ 19. As to the Domain Registrar Defendants, Kegege alleges that they served as the "Registrars of Record" for the Websites, were aware of his complaints but failed to take any action against the Websites, and concealed the identities of operators of the Websites by anonymizing their contact information. *Id.* ¶ 2.

On April 28, 2020, Kegege filed the original Complaint in this case. Where Kegege lacked the identity of and contact information for the operators of the Websites, the Court granted his requests for the issuance of subpoenas to the Domain Registrar Defendants to require disclosure of that information. Upon service of the subpoenas, NameSilo, Dynadot, and Tucows, responded to those requests. Where GoDaddy was not properly served, it did not produce such information to Kegege.

On December 3, 2024, Kegege filed the Second Amended Complaint in which he asserted the following numbered counts against the Individual Defendants, whose identities were disclosed through the subpoenas: (1) "False Light Invasion of Privacy"; (2) "Defamation Per Se"; (3) "Intentional Copyright Infringement for Financial Gain," in violation of 18 U.S.C. § 875(d); (4) "Blackmail and Extortion," in violation of 18 U.S.C. §§ 875–77; (5) "Trolling, Cyber Harassment, and Cyberstalking," in violation of 18 U.S.C. § 2261A(2); (6) "Conspiracy Against Rights," in violation of 18 U.S.C. § 241 and 18 U.S.C. § 1512(k); and (7) "Neglect to Prevent," in violation of 42 U.S.C. § 1986. Second Am. Compl. ¶¶ 1, 40–82. As clarified in his memoranda in opposition to the present Motions, Kegege also asserted Count 6, for "Conspiracy Against Rights,"

against GoDaddy, Dynadot, and Namesilo, and Count 7, for "Neglect to Prevent," against all of the Domain Registrar Defendants. *Id.* ¶¶ 2–3.

## DISCUSSION

In their Motions to Dismiss, the Domain Registrar Defendants seek dismissal of the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that: (1) the Domain Registrar Defendants are immune from these claims under Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230, because they arise out of information published by third parties on the Websites; and (2) Kegege has failed to allege viable claims for "Conspiracy Against Rights" and "Neglect to Prevent" as asserted in Counts 6 and 7. Dynadot, NameSilo, and Tucows also seek dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction. For the reasons set forth below, the Motions will be granted because Kegege has not stated viable causes of action against the Domain Registrar Defendants in Counts 6 and 7. Accordingly, the Court need not and does not reach the remaining arguments for dismissal.

### I.   Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not

mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## II. Count 6

Kegege's claim for "Conspiracy Against Rights" in violation of 18 U.S.C. § 241 and 18 U.S.C. § 1512(k) must be dismissed because the relevant statutes identify criminal violations that cannot be the subject of a civil lawsuit advanced by a private party. *See Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution"). Specifically, 18 U.S.C. § 241 establishes a criminal violation for a conspiracy to violate federal rights and provides only criminal remedies, consisting of a term of imprisonment or a fine, without providing for a private cause of action. *See* 18 U.S.C. § 241; *Capps v. Long*, No. 20-6789, 2021 WL 4843568, at *2 (4th Cir. Oct. 18, 2021) ("Sections 241 and 242 of Title 18 of the United States Code, however, are federal criminal statutes, and [the plaintiff] has not shown that these statutes give rise to civil liability or authorize a private right of action."). Likewise, 18 U.S.C. § 1512(k), which criminalizes a conspiracy to tamper with a witness, victim, or informant, provides only criminal penalties and does not provide a private cause of action. *See* 18 U.S.C. § 1512(a)-(k). To the extent that Kegege seeks to have these provisions enforced against any defendants, they may be enforced only by federal prosecutors through a criminal case.

## III. Count 7

Kegege's claim for "Neglect to Prevent" in violation of 42 U.S.C. § 1986 also fails to state a viable claim. Section 1986 provides in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such

4

>damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . .

42 U.S.C. § 1986. Thus, a § 1986 violation can occur only if the wrongful conduct referenced in § 1985 has been committed or was about to be committed. *See id.*; *Strickland v. United States*, 32 F.4th 311, 360 (4th Cir. 2022) ("Section 1986 claims are therefore derivative of § 1985 violations." (quoting *Park v. City of Atlanta*, 120 F.3d 1157, 1159–60 (11th Cir. 1997))).

In turn, § 1985 bars "five broad classes of conspiratorial activity." *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Two of these categories relate to conspiracies to interfere with processes of the federal government, specifically, the conduct of federal officers and federal elections, and are thus irrelevant to this case. *See* 42 U.S.C. §§ 1985(1), 1985(3); *Kush*, 460 U.S. at 724. Section 1985(2) also bars a conspiracy "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified," or a similar conspiracy to influence or injure a grand juror or petit juror in a federal court. 42 U.S.C. § 1985(2). To the extent that Kegege is relying on this provision, he has failed to state a valid claim because the allegations do not include any claims of force, intimidation, or threats to prevent a party or witness from attending court or testifying in court, or injuring a party or witness after such a court proceeding. Although Kegege complains that the Domain Registrar Defendants, specifically GoDaddy, have prevented him from gaining access to the identity and contact information of the operators of the Websites, neither that alleged conduct nor the alleged conduct of the Website operators can be fairly construed to constitute deterring court attendance or testimony through force, intimidation, or threats, or injuring someone for having attended or testified in court. *See id.*; *see also Scott v. Mountain*

5

*Mission Sch., Inc.*, 809 F.2d 786, 1987 WL 36169, at *2 (4th Cir. 1987) (unpublished table decision) (concluding that a plaintiff failed to state a claim under "the first half of 42 U.S.C. § 1985(2)" where the plaintiff had alleged that a defendant had attempted to intimidate him from testifying by lying to his foster mother that he had been bribed to testify falsely because the allegation did not "evince the use of force, intimidation or threats necessary to state a claim under 42 U.S.C. § 1985(2)").

As for the final two categories, the second part of § 1985(2), which bars a conspiracy "for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory," and the first part of § 1985(3), which bars a conspiracy of two or more persons who "conspire or go in disguise on the highway or on the premises of another," both require that the conspiracy be motivated by an intent to deprive its victims of the equal protection of the laws. *See* 42 U.S.C. §§ 1985(2), (3); *Kush*, 460 U.S. at 725. Thus, such conspiracy claims require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) (interpreting 42 U.S.C. § 1985(3)); *see also Bloch v. Mountain Mission Sch.*, 846 F.2d 69, 1988 WL 45433, at *1 (4th Cir. 1988) (unpublished table decision) (recognizing that a "racial or class-based animus is necessary for a violation of § 1985(3) and the second half of § 1985(2)"); *Phillips v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers, Loc. 118*, 556 F.2d 939, 941 (9th Cir. 1977) (noting that a claim under 42 U.S.C. § 1985(2) "requires an allegation of a class-based, invidiously discriminatory animus" and collecting cases recognizing the same). Although Kegege has alleged that the Domain Registrar Defendants' conduct constitutes "acts of a hate crime or a form of Modern-Day Lynching," Second Am. Compl. ¶ 73, he has alleged no facts in support of a claim

6

that the alleged defamation and mistreatment to which he was subjected was the result of discrimination based on race or some other class of which he was a member. *See Francis v. Giacomelli*, 588 F.3d 186, 196–97 (4th Cir. 2009) (holding that an allegation that defendants conspired to violate plaintiff's civil rights was not enough to state a § 1985 claim without supporting facts); *Doe v. Meron*, No. PX-17-812, 2018 WL 3619538, at *14 (D. Md. July 30, 2018) (dismissing a claim of a § 1985 conspiracy where "Plaintiffs offer absolutely no facts to support that the Defendants were motivated by racial animus during their non-specific collusive activities"), *aff'd*, 929 F.3d 153, 163 n.5, 168 n.11 (4th Cir. 2019). Where Kegege has failed to allege facts sufficient to show that a § 1985 conspiracy occurred or was about to occur, the Court necessarily concludes that Kegege has failed to state a plausible claim under 42 U.S.C. § 1986 as well. *See Strickland*, 32 F.4th at 362. The Court will therefore dismiss Kegege's "Neglect to Prevent" claim.

### IV.     Failure to Comply with the Subpoena

Finally, the Court notes that even if labeled differently, Kegege's claims against the Domain Registrar Defendants still fail. In opposing the Domain Registrar Defendants' argument that they are immune from suit under the CDA, which states that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), Kegege expressly disavows that his claims are based on a theory that the Domain Registrar Defendants should be treated "as the speaker or the publisher of the content on the Websites." Opp'n GoDaddy Mot. at 6, ECF No. 85. Instead, Kegege argues that, even while he agrees with the Domain Registrar Defendants that generally "registrants may properly conceal their identity through a domain privacy service," GoDaddy in particular should be held liable because it has

ignored a subpoena for information on the identity and contact information for the operators of certain Websites and thus continues to conceal those entities. *Id.* at 3. As the Court has previously found, however, GoDaddy was not properly served with the relevant subpoena and therefore cannot be held liable for any failure to comply. Mem. Op. at 6–7, ECF No. 39. Notably, Kegege has identified no legal authority, whether 18 U.S.C. § 241, 42 U.S.C. § 1986, or otherwise, under which GoDaddy or any of the Domain Registrar Defendants may be held liable for failing to disclose the identity or contact information for the operators of websites they have registered, absent a validly served subpoena or other court order. Accordingly, the Court finds that Kegege has failed to state a plausible claim for relief against the Domain Registrar Defendants and will dismiss those claims.

In so ruling, the Court does not excuse the Domain Registrar Defendants from the general requirement of all entities, with or without a pending civil case against them, to comply with subpoenas in this case that were issued with the approval of this Court and properly served by Kegege. In hearings and case management conferences, counsel for the Domain Registrar Defendants have acknowledged this requirement and have asserted that the Domain Registrar Defendants will comply with such subpoenas. The Court expects that the Domain Registrars will comply with such third-party subpoenas during the remainder of the present case. Because of the history of difficulties achieving efficient compliance with such subpoenas which have in turn caused burdens on the Court, the Court will include in the accompanying Order additional requirements to ensure the efficient processing of such subpoenas.

## CONCLUSION

For the foregoing reasons, the Domain Registrar Defendants' Motions will be GRANTED. A separate Order shall issue.

Date: August 11, 2025



THEODORE D. CHUANG
United States District Judge