UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE,

    Plaintiff,

v.

SCOTT BREITENSTEIN,
JOSH JACKSON and
GEORGE RING,

    Defendants.

Civil Action No. 20-1066-TDC

**ORDER**

    Plaintiff Obadiah Oseko Kegege has filed an Amended Complaint adding Defendants Scott Breitenstein, Josh Jackson, and George Ring. ECF No. 71. The Clerk issued summonses, ECF No. 73, and Kegege filed proof of service stating that Breitenstein, Jackson, and Ring were served via certified mail and via electronic mail. ECF No. 74.

    As to service of Breitenstein and Jackson ("the U.S. Defendants"), Federal Rule of Civil Procedure 4(e)(1) and Maryland Rule 2-121(a)(3) permit service by Certified Mail, Restricted Delivery. While Kegege's proof of service of the U.S. Defendants shows that Kegege attempted to effectuate service by this method, ECF No. 74, Kegege has not shown that Restricted Delivery was successful, such as by filing proof of delivery with the Court, which may consist of a signed green postcard ("Green Cards") typically provided by the U.S. Postal Service when Certified Mail, Restricted Delivery has been successful. Further, the Court takes judicial notice that the tracking numbers included in Kegege's proof of service, Ex. 1, ECF No. 74, do not show that Restricted Delivery was completed as to the U.S. Defendants. Therefore, the Court finds that Kegege's proof of service as to the U.S. Defendants is deficient.

As to service of Ring, Kegege's proof of service states that he both emailed and mailed the Complaint and Summons by U.S. Postal Service First-Class International Mail to Ring's international address in Panama. ECF No. 74. Under Federal Rule of Civil Procedure 4(f), an individual may be served outside the United States:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The Court finds that service by first-class mail and by email do not clearly qualify as acceptable means of service under Rule 4(f)(1). There is no internationally agreed means expressly permitting service by first-class international mail between the United States and Panama. Panama is not a party to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 163. Both countries are signatories to the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP"), so the procedures

set forth in IACAP could be used to effect service,[1] but those procedures do not include service by international mail or email even while not foreclosing "other methods of service among parties residing in different signatory nations, if otherwise proper and efficacious." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.2d 634, 647 (5th Cir. 1994).

As for Rule 4(f)(2), Kegege has not provided, and the Court has not identified, any authority stating that service by email or first-class international mail, without restricted delivery, comports with Panamanian law for service in Panama in an action in Panamanian courts of general jurisdiction. *See* Fed. R. Civ. P. 4(f)(2)(A). Nor has Kegege shown that this form of service complies with Rule 4(f)(2)(B), such as by complying with the requirements of IACAP, or that he effectuated service under either procedure outlined in Rule 4(f)(2)(C). Finally, Kegege has not requested that the Court order alternative service on Ring under Rule 4(f)(3) and also demonstrated that such service by first-class international mail and email to an individual in Panama comports with constitutional due process requirements.

Accordingly, it is hereby ORDERED that:

1. Within **30 days** of the date of this Order, Kegege must either (1) file proof of delivery, such as copies of the signed Green Cards, with the Court as to the U.S. Defendants; or (2) re-attempt and complete service on the U.S. Defendants in a manner that comports with Rule 4(e) and provide proof of service, such as by submitting Green Cards as proof of service by Certified Mail, Restricted Delivery. If Kegege fails to provide proof of service by that

---

[1] *See Inter-American Service Convention and Additional Protocol*, TRAVEL.STATE.GOV, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process/Inter-American-Service-Convention-Additional-Protocol.html (last visited Nov. 13, 2025); *see also § II. Service Abroad Pursuant to the Inter-American Convention*, U.S. Dep't of Just., Civ. Div., Off. of Int'l Jud. Assistance, https://www.justice.gov/civil/page/file/1064896/dl?inline

date, the Complaint as to the U.S. Defendants will be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8(a).

2. Within **30 days** of the date of this Order, Kegege must complete service on Ring in a manner that comports with the requirements of Federal Rule of Civil Procedure 4(f), such as by complying with the requirements of IACAP, and submit proof of such service. If Kegege fails to provide proof of service by this deadline, his Complaint as to Ring will be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8(a).

3. Pursuant to the Court's August 11, 2025 Order, ECF No. 104, the Clerk shall dismiss Defendants NameSilo LLC, GoDaddy LLC, Dynadot, LLC, and Tucows, Inc. from this case.

Date: November 13, 2025

THEODORE D. CHUANG
United States District Judge