UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

OBADIAH OSEKO KEGEGE,

     Plaintiff,

     v.

SCOTT BREITENSTEIN,
JOSH JACKSON and
GEORGE RING,

     Defendants.

Civil Action No. 20-1066-TDC

**ORDER**

On November 13, 2025, the Court directed Plaintiff Obadiah Oseko Kegege to file proof of service as to Defendants Scott Breitenstein and Josh Jackson within 30 days either by (1) filing proof of delivery, such as by providing the Court with copies of the signed green postcards ("Green Cards") typically provided by the U.S. Postal Service when Certified Mail, Restricted Delivery has been successful, or (2) re-attempting and completing service on Breitenstein and Jackson in a manner that comports with Federal Rule of Civil Procedure 4(e) and providing proof of service, such as by submitting Green Cards as proof of service by Certified Mail, Restricted Delivery. Order at 3–4, ECF No. 106. The Court also directed Kegege to complete service on Defendant George Ring within 30 days in a manner that comported with the requirements of Rule 4(f), such as by complying with the requirements of the Inter-American Convention on Letters Rogatory and Additional Protocol ("IACAP"), and to submit proof of such service. *Id.* at 4. The Court warned Kegege that the failure to provide proof of service by that date would result in the dismissal of the Second Amended Complaint as to Breitenstein, Jackson, and Ring without prejudice, pursuant to Rule 4(m) and Local Rule 103.8(a). *Id.* at 3–4.

That 30-day period expired on December 13, 2025, and to date, Kegege has failed to provide sufficient proof of service. Rather, Kegege filed a Status Report which stated that he submitted proof of service as to Breitenstein and requested alternative service by email for Jackson and Ring, which the Court will construe as a Motion for Alternative Service. ECF No. 108.

First, as to Breitenstein, the Court finds that Kegege has not provided proof of service in compliance with the Court's Order or with Federal Rule of Civil Procedure 4(e)(1) and Maryland Rule 2-121(a)(3). Although the Court requested that Kegege provide signed Green Cards, also known as a Domestic Return Receipt PS Form 3811, as proof of successful service by Certified Mail, Restricted Delivery in order to evaluate whether Kegege satisfied his obligation under Maryland Rule 2–121(a)(3) to complete service using certified mail along with restricted delivery which shows *to whom*, the date, and the address the documents were delivered, the documentation provided by Kegege shows only that the certified mail sent to Breitenstein's purported address was "Delivered, Left with Individual." ECF No. 107. Accordingly, Kegege has not provided proof that Breitenstein was the individual who received the delivery, such as by providing the Court with documentation that Breitenstein personally signed for the delivery, or that the individual was authorized to receive deliveries on Breitenstein's behalf. Accordingly, the Court finds that Kegege has failed to provide proof of service as to Breitenstein.

Second, as to any Motion for Alternative Service, while the Federal Rules of Civil Procedure do not directly discuss means of alternative service, they permit service on an individual within a judicial district of the United States by following the state law for serving a summons in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e). Under the Maryland Rules, "[w]hen proof is made by affidavit that good faith efforts to serve the defendant" through an identified means of service, the court "may order any other means of service

that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. R. 2–121(c). The requirement that a means of alternative service must be "reasonably calculated to give actual notice" is constitutionally mandated as a matter of due process. *See Binks v. Collier*, No. DKC-19-0298, 2019 WL 2994697, at *1 (D. Md. July 9, 2019) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, Kegege requests that the Court order service by email because while Jackson and Ring's real addresses are "concealed," both Defendants use "email and the internet to run [their] . . . business." ECF No. 108. Therefore, Kegege argues that "email is the only means that is reasonably calculated to give notice" to Jackson and Ring. *Id.* Kegege, however, has attempted service of Jackson and Ring only by mail, he has never attempted in-person service through a process server or any other authorized means, and he has not presented evidence that either defendant has attempted to evade service. More importantly, even though there are records showing that Jackson and Ring are associated with certain email addresses, Kegege has not provided evidence demonstrating that they are presently using those addresses, such that service by email would be reasonably calculated to give actual notice to them. To the extent that Kegege were to seek alternative service as to Breitenstein, the same analysis would apply. Thus, alternative service by email is not warranted as to the defendants.

Finally, as to Ring, who is believed to be in a foreign country, while the Court previously noted that service could be available, "by other means not prohibited by international agreement, as the court orders," Fed. R. Civ. P. 4(f)(3), any such means would still need to meet the constitutional requirement that it be reasonably calculated to give actual notice. *See RoyaltyStat, LLC v. IntangibleSpring Corp.*, No. PX 15-3940, 2017 WL 930129, at *2 (D. Md. Mar. 9, 2017)

(citing *Mullane*, 339 U.S. at 314).  As already discussed, Kegege has not made such a showing in relation to email service of Ring.

The Court will therefore deny alternative service as to all remaining defendants.  Given the age of the case and the Court's previous warning that the failure to provide proof of service by December 13, 2025 would result in dismissal of the Second Amended Complaint, the Court will dismiss the Second Amended Complaint as to Breitenstein, Jackson, and Ring without prejudice.

Accordingly, it is hereby ORDERED that:

1.  Kegege's Motion for Alternative Service, ECF No. 108, is DENIED.

2.  The Second Amended Complaint is DISMISSED WITHOUT PREJUDICE as to Defendants Breitenstein, Jackson, and Ring.

3.  The Clerk shall close this case.

Date:  March 30, 2026

THEODORE D. CHUANG
United States District Judge